WILLIAM L. McALLISTER *versus* ALFRED BROOKS.

If the assignee of a chose in action would render his claim available against the debtor, who has been summoned as trustee by a creditor of the assignor, the assignee must give notice of such assignment to the trustee before or at the time of the disclosure, that it may be stated therein as a fact.

A judgment in a trustee process, having been rendered and duly recorded, must stand until reversed by due course of law ; and is conclusive upon the creditor of the trustee to the extent of the judgment against him, unless he can question the correctness of the disclosure.

In a trustee process, where the Court had jurisdiction of the subject matter, and the parties were regularly in Court, and might have objected, in any stage of the proceedings, to whatever might have seemed to have been irregular, and where no objection was interposed, it is to be presumed, that if any ground existed therefor, it was waived.

When there is a subsisting judgment against a trustee, it constitutes a good defence for him in an action by his principal for the same cause of action, without proof of satisfaction.

ASSUMPSIT on three notes, dated March 23, 1839, signed by the defendant, and made payable to the plaintiff in specific articles. This action was commenced Sept. 3, 1839.

The parties agreed upon a statement of facts, from which it appeared that on March 30, 1839, the defendant was summoned as trustee of the plaintiff in a suit against him and others in favor of Luther Brackett, on a process returnable to the then next S. J. Court in that county, holden in July ; and that he then and there was adjudged to be trustee upon a disclosure by him made, and which was referred to as part of the case.

A nonsuit was to be ordered, if the action could not be maintained ; and if the proceedings under the trustee process were not a bar, the action was to stand for trial.

McAllister *v.* Brooks.

At the commencement of the disclosure of the trustee, was a certificate, signed by the attorneys of the plaintiff in that action, that the trustee might disclose before a magistrate; and it was sworn to before a justice of the peace, on July 6, 1839. No interrogatory appears to have been put to the trustee by any person; nor does it appear whether either party was present, or not.

The trustee stated in his disclosure, that he had given notes for specific articles to the plaintiff, describing them, the description showing them to be the same declared on in the present suit; that with the exception of a small portion of the amount, they remained unpaid; that after he had been summoned as trustee, on May 11, 1839, he received a letter, bearing the date of March 23, 1839, and purporting to be signed by Austin Preble, stating that he had " bought the three notes against you in favor of William L. McAllister or order, which you will pay to me," and describing the notes in suit; that he did not know the handwriting of Preble; and that this was all the notice he had received in any way of any transfer or assignment of the notes.

The amount of the judgment recovered by Brackett did not appear in the statement of facts; nor whether any thing had been paid by the trustee.

*B. Bradbury,* for the plaintiff, contended, that the action could be maintained.

The Court will protect equitable assignments. This is well settled. Preble, for whose benefit this action is brought, is the equitable assignee of the notes in suit.

The judgment against Brooks as trustee, offered as a bar to this suit, was rendered upon a disclosure not properly before the Court, and consequently, over which it had no jurisdiction. The St. 1830, c. 469, provides that a person summoned as trustee may disclose before a justice of the peace, provided the plaintiff consents thereto in writing, and the parties are notified of the time and place of such disclosure by the magistrate. The defendant as well as the plaintiff must be notified, that the disclosure may have the effect of one made in open Court.

The examination and disclosure, therefore, were not properly before the Court, and the judgment is invalid, and may be avoided by the plaintiff in this suit.

But if the judgment is to be considered to be valid until it is reversed, it can be no protection to the defendant in this suit, because the judgment has not been satisfied. *Wise* v. *Hilton,* 4 Greenl. 435. The plaintiff may be called upon to pay the judgment, and if the unsatisfied judgment is to bar this suit, the plaintiff may be compelled to pay the amount, and be wholly without remedy against the defendant on the notes.

*Fuller,* for the defendant.

The judgment in Brackett's suit is valid and subsisting against the defendant. So long as that judgment stands unreversed, it is a perfect bar to the present suit. *Boynton* v. *Fly,* 3 Fairf. 17 ; *Foster* v. *Jones,* 15 Mass. R. 185.

The case was within the jurisdiction of the Court, and it appears by the disclosure, and by the adjudication thereon, that there had not been exhibited to the trustee any legal evidence of an assignment. The whole facts in reference to the assignment were disclosed. If the trustee is not furnished with such evidence of an assignment as the law requires, he will be adjudged trustee. *Foster* v. *Sinclair,* 4 Mass. R. 450 ; *Wood* v. *Partridge,* 11 Mass. R. 491.

The parties were the plaintiff and trustee. The plaintiff has shown his assent in writing, and that he was present by the same writing, it being upon the disclosure. Preble had given no notice of an assignment, and neither he nor the defendant in that suit could put any question or appear as parties to the disclosure. But McAllister had notice of the suit, and if he wished for further answers, and had the right to interfere, he might have moved the Court to require them before judgment was rendered.

The opinion of the Court was drawn up by

WHITMAN C. J. — By the statement of facts, agreed upon in this case, it appears that the defendant had been summoned,

in a process of foreign attachment, as the trustee of the plaintiff, by a creditor of his; and had disclosed; and thereupon had been adjudged chargeable as such. As the statement is silent, as to whether the debt due to the creditor of the plaintiff was equal to the amount in the hands of the defendant, it is to be presumed that it was so; especially as nothing in the arguments of the counsel indicates any thing to the contrary. It is admitted, that this action is brought for the benefit of one Austin Preble, to whom the notes declared upon had been assigned before the defendant was summoned as the trustee of the plaintiff. But of this the defendant had not at the time of his disclosure, received such notice as to enable him to make a disclosure of it as a fact. *Foster* v. *Sinclair*, 4 Mass. R. 450; and *Wood* v. *Partridge*, 11 ib. 491.

The counsel for the plaintiff objects, that the disclosure was taken before a justice of the peace, without notice to the parties, as contemplated in the statute, passed in 1830, ch. 469, § 2, and was therefore *coram non judice*; and that the adjudication, that the defendant was trustee, for that reason, is not conclusive against him. It appears that the plaintiff in that case, and the trustee, were satisfied with that course of procedure; and if the present plaintiff had been notified and present, it would not have been competent for him to have interfered in the proceeding, or to have put interrogatories. He must have been a mere silent spectator of what was going on. And, therefore, when the statute speaks of notifying the parties, it may well be doubted if it was in contemplation that the defendant should be notified. The word parties may be taken perhaps to mean those only, who were parties to what was actually to be done. However this may be, it does not appear that the parties were not notified; and the presumption should be that due proceedings were had, prior to the adjudication. The Court had jurisdiction of the subject matter. The parties were regularly before them; and might have objected, in any stage of the proceedings, to whatever might seem to be irregular. No such objection appearing to have been interposed, it is to be presumed, that, if any ground therefor existed,

it was waived.   A judgment, having been rendered and duly recorded, it must stand till reversed by due course of law. And the statute makes it conclusive upon the creditor of the trustee, to the extent of the judgment against him, unless he can question the correctness of the disclosure, which is not attempted in this case.

It is next objected that, as it does not appear that the defendant has satisfied the judgment, his defence is not complete. The case of *Wise* v. *Hilton,* 4 Greenl. 435, is relied upon as an authority in support of the position.   The Court there say, " We are very clear that the disclosure and trustee judgment did not bar the plaintiff."   And well they might, for the plaintiff therein was not the debtor in the trustee judgment referred to.   He was a stranger to it; and of course could not be conclusively affected by it.   The decisions, it is believed, have been uniform, that, where there is a subsisting judgment against a trustee, it constitutes a good defence for him, in an action by his principal against him, for the same cause, without proof of satisfaction.   *Perkins* v. *Parker,* 1 Mass. R. 117; *Stevens* v. *Gaylord,* 11 ib. 265; *Matthews* v. *Houghton,* 2 Fairf. 377; *Norris* v. *Hall,* 18 Maine R. 332.   Although in *Boynton* v. *Fly,* 3 Fairf. 18, cited by the counsel for the plaintiff, the trustee had satisfied the judgment against the principal, yet the Court do not intimate that such satisfaction was essential to the defence.

As agreed by the parties, the plaintiff must become nonsuit.