Sargeant *v.* Andrews.

---

## SARGEANT *vs.* ANDREWS & AL.

Where, in an action on a note not negotiable, the defendant pleaded that this debt had been attached in his hands, in a foreign attachment at the suit of a creditor of the plaintiff, and judgment rendered thereon, which was in full force ;—and at a subsequent term the plaintiff replied that the execution on that judgment having been returned *nulla bona,* the creditor had sued out a *scire facias* against the trustee, who had appeared and was discharged, upon his disclosure ; —the replication was held good, though the judgment in the *scire facias* was since the filing of the plea.

THIS was *assumpsit*, on a written promise of the defendants to deliver certain specific articles at the plaintiff's house ; and came before this Court upon exceptions taken by the defendants to the opinion of *Perham* J. in the Court below.

The defendants pleaded in bar, that the defendant, *John Andrews*, had been summoned as trustee of the plaintiff, in a foreign attachment, and that judgment was rendered against him in the Court of Common Pleas at *January* term 1823, by default, and execution awarded ; by which judgment the debt was bound and payable to the plaintiff's creditor.

The plaintiff replied that the execution which issued in that case being returned unsatisfied, the creditor sued out a writ of *scire facias* against *John Andrews*, who appeared and submitted himself to examination under oath, pending the present action, and answered that he had no goods, effects or credits of the plaintiff in his hands ; and that the Court of Common Pleas, at the *June* term 1824, adjudged him not trustee of the plaintiff, and he was thereupon discharged ;—to which the defendant answered by a general demurrer.

It appeared that after the filing of the plea, this cause had been continued, in order that the *scire facias*, which was then pending, might be determined ; after which the pleadings were closed, as above stated.

*Williamson*, for the defendants, contended that when this suit was commenced, the plaintiff had no ground of action, his effects in the hands of *John Andrews*, to the full amount of his claim, being bound by the judgment in the foreign attachment, which was then in full force.    *Stevens v. Gaylord* 11 *Mass.* 265.    *Jewett v. Bacon* 6 *Mass.* 61.    And if not, yet no costs were taxable for the plaintiff while the *scire facias* was pending.

*Godfrey*, on the other side, was stopped by the Court ; whose opinion was delivered by

MELLEN C. J.    The plea in bar is good, unless avoided by the replication.    The question then is, whether the replication is sufficient.    It discloses the fact, that notwithstanding *John Andrews*, the supposed trustee, was defaulted at the return term, and judgment was then entered against the goods, effects and credits of the plaintiff in his hands ; still he appeared upon the *scire facias* and disclosed to the Court that he was not the trustee of the plaintiff, and at the following term he was accordingly

Sargeant *v.* Andrews.

discharged. Thus it appears that neither of the defendants is under any obligation to pay the contents of the note declared on, to any one except the plaintiff; and why then should not the present action be maintained? It is said that the discharge of the supposed trustee, took place at a term of the Court of Common Pleas, holden since the commencement of this action; and that when the action was commenced the judgment against the goods, effects and credits was in full force, and by law bound them in the hands of the supposed trustee. This argument has no legal foundation. The law bound nothing in the hands of *John Andrews*, because it appears by his disclosure and the judgment of Court thereon, that he had nothing in his hands belonging to the plaintiffs at the time the trustee process was commenced. The replication shews that this process never had any legal effect upon the case before us; and if the supposed trustee had attended at the first term and disclosed, as he was required to do, it never would have appeared that any goods, effects or credit of the plaintiff were in his hands and bound by the service of the trustee process. The very statement of the case, as disclosed in the plea and replication, viewed as one statement of facts, shews most clearly that the trustee process, though conducted as it was, furnished no kind of defence to this action. To sustain the defence would produce manifest injustice to the plaintiff, and completely relieve the defendants from the payment of a just demand. It is further contended that the plaintiff is not entitled to costs while the trustee process was pending. There is no merit in this objection. If *John Andrews* had appeared and disclosed at the first term, as he ought to have done, he would then have been discharged; his own neglect rendered a *scire facias* necessary. The delay in the present action was occasioned by this neglect; and the defendants must not take advantage of their own wrong or omission.

*Replication adjudged good.*