Per Curiam.

The plaintiff effected a policy of insurance against fire, with the defendants, “on goods and furniture contained in his “ counting-room.” After a loss had happened, he made an assignment of his property, for the benefit of certain creditors; and assigned, among other things, his claims on the defendants. The defendants now contend, that this assignment rendered the policy void.
The restriction in the policy, against an assignment of the interest of the assured in it, without the consent of the company, evidently applies to transfers made before the loss happens. After lhat event, the rights of the plaintiffs are fixed. His claim besomes a mere chose in action, and like any other chose in action, *375 it is assignable in equity. The reasons, which induce the Insuranee Companies to insert the restrictive clause in their policies, have no existence, or application after the risk has ceased.
Among the items of loss allowed by the jury, were the advances made by the plaintiff on certain piano fortes, watches, &c. The Judge charged the jury, that the plaintiff had a right to recover to the extent of his advances on those articles, and the defendants insist, that the charge was in this respect erroneous.
The third condition annexed to the policy, declares, that “ goods held in trust or on commission,” shall not be covered, unless they are insured as such. The articles in question, were not the property of the plaintiff; they were held by him “in trust or on “ commission.” He had a lien upon them for advances, which could have been defeated, by a repayment of the money advanced. His interest was not absolute, but conditional; and it could not be covered by a mere insurance upon his own property. If the goods in question were to be covered by the policy, they should have been specified in it as goods held in trust or on commission, and it would be violating the plain terms of the third condition annexed to the policy, if this claim were to be allowed. The Judge’s charge was, therefore, in this respect erroneous, and there must be a new trial, unless the plaintiff will strike from the amount of his verdict, the advances upon the property deposited with him. In that case, the verdict for the residue may stand, and the plaintiff can enter up his judgment for that amount.

New trial granted, unless the plaintiff comply with the condition expressed in the opinion of the court.

[James Smith, Att'y for the defendants.]