## WALTERS *v.* WASHINGTON INS. COMPANY.

A policy of insurance, which "agrees to make good unto the said assured, his executors, administrators, and assigns, all such immediate loss," &c., and which also provides that "policies of insurance subscribed by this company, shall not be assignable, without the consent of the company, expressed by indorsement made thereon," under sections 949 and 951 of the Code, is assignable, *after loss*, like any other debt.

Where in an action on a policy of insurance, the answer of the defendant denied

Walters v. Washington Insurance Company.

"all and singular the allegations of plaintiff's petition," and alleged "that there was a settlement in full by payment, and receipt given by plaintiff to defendant, in full of all claim or demand growing out of said insurance mentioned in plaintiff's petition," which allegation of payment was denied by the replication; and where on the trial of the cause, the defendant proved, that before defendant or its agents had notice of the assignment of the policy to plaintiff, judgments had been recovered against the defendant, as garnishees of the assignor of the policy, and the plaintiff, thereupon, asked the court to instruct the jury, that defendant could not give said judgment of garnishment in evidence under their answer, but that such matter must be pleaded specially, which instruction the court refused to give; *Held*, 1. That the court erred in refusing to give the instruction; 2. That the matter offered in evidence by the defendant, being matter in avoidance, and not negativing the original indebtedness, could not be introduced under a *genera* denial, nor under either part of the answer.

Admitting that a rule of court is competent to render a general denial, a sufficient denial of the averments of the petition, still it can extend no further than as a *denial* of the petition, and cannot open the door to special defences, and matter in avoidance.

Primarily, a garnishee is taken to be an innocent person, who is called into court as owing money to another, or as having property of that other in his hands, and in either case, without fault or blame; and he is supposed to stand indifferent as to who shall have the money or property.

By the statutes of this state, an issue may be taken on the answer of the garnishee, but if such issue is not taken, the answer remains the sole test of his being indebted, or having property.

The rights of the garnishee are to be carefully protected; he is to be charged only upon his contract, or relation with his creditor, precisely as it exists *between them;* he is in no case to be placed in a situation, where he will be compelled to pay the debt twice; and he is not to be unnecessarily exposed to litigation and expense.

The true rule in relation to one summoned as the debtor of the principal debtor, on an unnegotiable debt, is, that the assignee of the debt, should give notice of the assignment to the garnishee, in time to enable him to show such assignment in his answer; or, at least, before judgment against him.

Having received such notice, if the garnishee neglect to show it in defence, he cannot resist a subsequent claim of the assignee; and, on the other hand, having shown such assignment, he cannot be charged as garnishee.

Where the assignee of an unnegotiable instrument fails to give notice of the assignment to the debtor, until judgment of garnishment has been rendered against him for the debt, as a debtor of the assignor, the creditors by garnishment have the prior claim to the money in the hands of the garnishee, and his liability to the assignee is destroyed.

*Appeal from the Lee District Court.*

THIS action was tried before a jury at the September term,

1855, of the Lee District Court. Verdict for the defendant, and judgment against the plaintiff for costs. The facts of this case are fully detailed in the opinion of the court.. The plaintiff appeals' from the judgment thus rendered against her, and in this court, assigns for error, the giving, and refusal to give, certain instructions.

*Clagett & Dixon,* for the appellant, argued :

1. As to the question of the assignment of the policy, *after loss,* we insist, that it was, by the common law, assignable in equity. . 1 Phil. on Ins. 39 ; 2 Hall, 372. The policy contained a covenant to make good all losses to the assured or *his assigns.* This especially renders the moneys due after loss, negotiable. Story on Bills, § 60 ; 3 Kent Com. 77 ; Story on Notes, § 44. This policy after loss was negotiable by the Code, § 950. 2. If this is considered only as an equitable assignment, yet it is good, without notice, against a garnishment. 3 Hill, 228 ; Drake on Attch. § 510 ; *Dix* v. *Cobb,* 4 Mass. 507 ; Story's Conf. of Laws, § 396. And if it is considered a negotiable instrument, under section 950 of the Code, no notice is necessary at any time. 3. But whether this assignment be legal or equitable, before the garnishment will afford any protection, there must be execution executed, or payment by the garnishee. 2 Story Eq. § 1503 ; Hill on Trust, 379, note 2 ; 3 Story Repts. 455 ; 20 Johns. 267 ; Drake on Attcht. § 512 ; 4 Johns. Ch. 466 ; 8 Alaba. 867 ; 3 Paige, 117 ; 17 How. 586 ; 5 Mason, 174 ; 2 Lead. Eq. Cases, part 1, 75. 4. The receipt was not in the nature of a contract, and therefore explainable between the original parties. 2 Johns. 378 ; 8 Barb. 69 ; 15 Mass. 90 ; 6 Ib. 434 ; 1 Greenlf. Ev. §§ 286–8 ; 4 Phil. on Ev. 600. 5. But if a contract, yet plaintiff not being a party to it, it is not binding upon us, and may be explained by parol testimony. 1 Greenlf. Ev. § 279 ; 10 N. Hamp. 359 ; 3 Foster, 555 ; 4 Phil. on Ev. 578. How, and in what manner, is plaintiff bound ? She has signed no agreement, receipt, or contract, concluding her rights under the policy. 6. The garnishment was not admissible under the issue of the gen-

Walters v. Washington Insurance Company.

eral denial. Code, §§ 1741, 1752; *Andrews* v. *Bond*, 16 Barb. 633; 15 Ib. 499; 12 Ib. 573; 3 Cala. 204; 13 Peters, 151.

*Edwards & Turner*, for the appellee, contended:

1. The general denial in defendant's answer, is equivalent to the old plea of the *general issue*, and the same facts may be shown under either state of pleadings. 2. As to the assignability of policies of insurance and other unnegotiable contracts, see Code, §§ 950–51. 3. As to the effect of notice to debtors, after judgment rendered against them as garnishees, in a suit of creditors of their original creditor, and before notice of the assignment, and how far such garnishee judgment may be plead in defence to an action of the assignee on an unnegotiable instrument, see Drake on Attach. 569; Story on Con. of Laws, 662; 4 Johns. Ch. 466; *Muir* v. *Schenck*, 3 Hill, 228. 4. No instrument of writing can be substantially varied or contradicted, in its legal import, except a mere receipt, by parol testimony. The instrument in question being more than a mere receipt, and standing upon the same footing as other instruments of writing, cannot be varied or contradicted by parol; and the settlement therein contained, as well as all other facts, are conclusive on the parties. 2 Kent Com. 555; Chitty on Con. 758; 1 Greenl. Ev. 402; 14 Wend. 116; 1 Cow. 249; 9 Ib. 39; 1 Johns. Ch. 429; 11 Mass. 27.

WOODWARD, J.—Dr. Charles Walters held a policy of insurance, executed by the defendants, on a lot of medicines, and the plaintiff held a policy of the same company on the office building in which the medicines were kept. Charles Walters assigned his policy to the plaintiff, on the 20th November, 1854. A loss took place *before* the assignment. The policy "agreed to make good unto the said assured, his executors, administrators, and *assigns*, all such immediate loss," &c. It also contained this provision: "Policies of insurance subscribed by this company, shall not be assignable without the consent of the company, expressed by in-

dorsement made thereon." The plaintiff brings suit to re-cover fifty-five dollars, the balance due on the policy of Charles Walters, and assigned to her.

The defendant pleads, first: A general denial of all the allegations of the petition; second, that there had been "a settlement in full, by payment and receipt, given by plaintiff to defendant, in full of all claim or demand growing out of said insurance mentioned in plaintiff's petition. The general denial of the petition, is allowable under the rules of the first district, and includes in this case, a denial of the indebtedness. Under this general denial, arose the question whether the policy was assignable *after loss*, and conse-quently, whether the plaintiff could maintain her action. The court instructed the jury, that the policy was not assignable, and that the plaintiff could not recover. To this the plaintiff excepted, and this is the first question be-fore us.

It would be impossible to hold the policy a *negotiable* in-strument under the Code, section 950, by virtue of the words *executors* and *assigns*, inasmuch as it afterwards contains an express prohibition of assignment. And it is not necessary to determine whether it would be assignable before loss, un-der sections 949 and 954 of the Code. But the question for determination is, whether the policy is assignable, *after loss*. There are reasons of sufficient force, why insurers should prohibit the assignment of their contracts of insur-ance. The use to which the insured property may be likely to be put, has great weight, and even personal confidence, is of avail. Until a loss has occurred, the liability is contin-gent; there may never be a liability. But when the loss has happened, reasons of the character of those above stated, lose their force. The liability is fixed. There is now a *debt*, and no reason is perceived, why this, like any other debt, should not be assignable. Without any detriment to the in-surer, the statute may be allowed to have its legitimate effect. By such a course, the insurer is not barred of any defence which he may have against the insured, but he may defend against the assignee as fully as he might against the

insured; whilst if there is no defence, and the money is due, there is no sufficient reason why the assignee should not recover it. The better view is, to regard the policy as assignable after the loss has happened. Code of Iowa, §§ 949 and 951. The like ruling has been made in New York, on a policy containing precisely similar provisions, in the case of *Brichta* v. *New York La Fayette Insurance Company*, 2 Hall, 372.

Under that branch of defendant's answer, which alleges payment, and receipt given by plaintiff in full of all claim or demand growing out of said insurance mentioned in plaintiff's petition, the company gave in evidence a receipt of plaintiff on her own policy, on which also at the same time a loss occurred, and further put in evidence, Charles Walters' receipt for the loss under his policy. But, on the other hand, *defendant's* certificate was put in evidence, showing that they held fifty-five dollars of the amount receipted to them by Charles Walters, "subject to such garnishment," and "to be applied as may be finally decided." This latter takes away the pretence that they had *paid*. They also, showed by proper evidence, that on the 7th December, 1854, and before defendants or their agents, Edwards & Turner, had notice of the assignment of Charles Walters' policy to the plaintiff, one Curtis, and one Oswald & Co. severally recovered judgment against said Charles Walters, and against defendants as his garnishees. The plaintiff requested the court to instruct the jury, that the defendant could not give said judgment of garnishment in evidence under their answer; that they could not do this under a general denial of indebtedness, but that they must plead the matter. The court refused to give this instruction.

At this point of the cause and the evidence, the defendant committed the error of a departure from the pleadings. This matter offered by the defendant was *special* matter, and very clearly could not be introduced under a *general* denial, nor under either part of his answer. It was matter in avoidance, and not negativing the original indebtedness. Admitting that a rule of court is competent to render a general de-

nial, a sufficient denial of the averments of the petition, still it can extend no farther than as a *denial* of the petition, and cannot open the door to special defences, and matter in avoidance. In this, the court erred. Nearly all the instructions asked by both sides, related to this portion of the defence, and therefore, under the above views, the questions raised in them need not be discussed.

Another question has been fairly raised and presented, which may arise again, and it is therefore proper to be considered, although it is not necessary for the disposition of the cause as now before us. The policy was assigned on the 20th November, 1854. On the 7th December, 1854, Curtis & Oswald recovered their judgments against Charles Walters, defendant, and the insurance company, as garnishee. It does not appear when the garnishment was *served* on the defendants, and therefore, the date of the judgment must be taken; and as these suits were before a justice of the peace, the service may well enough have been after the assignment. This present suit was commenced on the 21st August, 1855. The defendant has not yet paid the money to Curtis & Oswald, the creditors in the garnishment.

The question is, whether the plaintiff, or the creditors by garnishment, have the prior or superior claim to this money in the hands of the garnishee, the *plaintiff having given the company* no notice of the assignment of the policy to her. The Code, section 949, makes a large class of instruments, under which this policy would probably fall, assignable, and gives the assignee a right of action in his own name, subject to any defence or set-off, legal or equitable, which the maker or debtor had against the assignor, *before notice of his assignment*. And by section 951, when by the terms of an instrument, its assignment is prohibited, the assignment is nevertheless valid, but the maker may set up any defence which he may have *before the suit is commenced*. This question has been looked at in different points of view, and the decisions are not reconcilable. Sometimes, it has presented itself under the imposing difficulty of the conflict of laws. Sometimes, the garnishment debtor has been received and treated

as a trustee.  Again, the question has been treated as one of priority of lien only, as under attachment or judgment. Under these different *positions*, or viewing the subject, different decisions have been made.  But it would seem as though there were some views of the proceeding and the party garnished, which ought to stand prominent in the consideration of the subject.  Primarily, the garnishee is taken to be an innocent person, who is called into court as owing money to another, or as having property of that other in his hands, and in either case, without fault or blame.  It is true that this process may be, and sometimes is, used as a powerful instrument for ferreting out fraud, or the concealment of property.  But the proceeding is *based* upon the idea of innocence in the party summoned.  He is supposed to stand indifferent as to who shall have the money or property.  His answer is generally, the *only evidence* of his indebtedness or liability.  By the statute of this state, an issue may be taken on his answer, but if such issue is not taken, the answer remains the sole test of his being indebted or holding property.  His rights are to be carefully protected; he is to be charged only upon his contract or relation with his creditor, precisely as it exists *between* them; he is in no case to be placed in a situation where he will be compelled to pay the debt twice (Drake on Attachment, § 626); and, it is apprehended, that he is not to be unnecessarily exposed to litigation and expense.  In view of these, and such considerations, it does seem that the garnishee should not be tried merely by the rules of prior liens, or of attachment or judgment liens, or of debtor's assignments for their creditors, or of trustees even.  Nor, perhaps, when all the parties are within our own jurisdiction, is his case to be wholly measured by the rules bearing upon cases within the conflict of laws.

The true rule in relation to one summoned as the debtor of the principal debtor, on an unnegotiable debt, is, that the assignee of the debt should give notice to the garnishee, of the assignment, in time to enable him to show such assignment in his answer, or, at least, before judgment against

him.   Having received such notice, if he neglect to show it in defence, he cannot resist a subsequent claim of the assignee; and on the other hand, having shown such assignment, he cannot be charged as garnishee.   This is the rule which has been applied to debtors by instruments which were held not assignable in law, but only in equity, so as to enable the assignee to sue in the name of the assignor.   And what different rule should be applied to assignees, under the above sections of the Code?   In the one case, the debtor is entitled to every defence, existing before the assignment; and in the other, to all existing before suit brought; and it is immaterial under which of these sections this case is classed.   This subject is fully explained, and the rule enforced, in Drake on Attachment, §§ 569 *et seq.*, 614 *et seq.*, and 626, and the context; and see Story on Conflict of Laws, § 396 (new ed.), and p. 328, 230, former edition; *Wood* v. *Partridge*, 11 Mass. 487; *Hull* v. *Blake*, 13 Mass. 153; *Foster* v. *Sinkler*, 4 Ib. 450; *Dix* v. *Cobb*, 4 Ib. 508; *Jones* v. *Witter*, 13 Ib. 304; *Holmes* v. *Remsen*, 4 Johns. Ch. 460; *Muir* v. *Schenck*, 3 Hill, 228; *Clodfelter* v. *Cox*, 1 Sneed. 330.

Under a law and system of garnishment, this is the only rule which will fully protect the rights of all parties, and save garnishees from being involved in suits and expenses, to which the honest ought not to be made subject; and this rule is intelligible, easy and practicable, determining the respective rights at an early period, instead of allowing the questions relating to them to extend indefinitely into an uncertain future.   In the case at bar, it is not asserted that the plaintiff gave notice of the assignment to the company, before judgment was rendered against it.   This judgment must be held as final.   It would seem unjust to hold the garnishee still liable to the assignee, and compel him to go into chancery, or to resort to any other legal proceeding, to protect himself against that judgment, in relation to which he has been in no fault.   A notice from the assignee would have saved her debt, and at the same time protected the company.

The judgment must be reversed, and a procedendo issue.

WRIGHT, C. J.—I concur in the conclusion, that this cause must be reversed. I do not wish to be concluded, however, as to two points decided. I concur, that evidence of the proceedings under the garnishment, was not admissible under the state of the pleadings, if objection had been made; but that such objection not having been made at the time of its introduction, it was too late to raise the question after argument, and when the court was instructing the jury. Again: I cannot agree that judgment against the garnishee, at the suit of the creditors of Charles Walters, before notice from the assignee of the assignment, is conclusive; but that if the garnishee has notice, as in this case, before payment, or execution executed, it is sufficient, and that plaintiff should recover, notwithstanding such judgment.

<div style="float:right">

Iowa.

| | |
|---|---|
| 1 | 413 |
| 80 | 736 |

| | |
|---|---|
| 1 | 413 |
| 86 | 458 |

| | |
|---|---|
| 1 | 413 |
| 131 | 163 |