JARVIS v. WORICK.

1. DEMURRER.   A demurrer to the whole of a petition, one count of which presents a sufficient cause of action, should be overruled.
2. DEFAULT.   This court will not interfere with an order of the court below, refusing to set aside a default, where the only excuse shown by the defendant for his failure to answer exhibits a want of diligence in preparing his defense.

*Appeal from Mahaska District Court.*

SATURDAY, NOVEMBER 5.

*G. W. & B. F. Yocum* for the appellant.

*Wm. Loughridge* for the appellee.

Where there are several counts in a petition, and a demurrer to the whole petition, the demurrer will be overruled if one count presents a complete cause of action. *Marten* v. *Williams,* 13 John. 269; Chit. Pl. 703; *Cochran* v. *Scott,* 3 Wend. 229; 12 Ib. 165; 1 Blackf. 260; 3 Ib. 167; *Monell* v. *Colden,* 13 Johns. 401; 3 Caines 81; *Cornwell* v. *Gould,* 4 Pick. 446; *Baker* v. *Sanderson,* 3 Ib. 353.

STOCKTON, J.—Suit upon a promissory note for $1032.29, due July 1st, 1858. The first and second counts of the petition allege that the note was given for the balance due on a purchase of certain real estate, made by defendant of plaintiff, and pray judgment for the amount due on the note, and that the interest of defendant in the land may be sold to satisfy the judgment. The third count contained only the usual prayer for judgment on the note, without any averment that the same was given for real estate, and without any prayer for the sale of defendant's interest to satisfy the judgment.

There was a demurrer to the petition on the ground that the plaintiff had not averred a tender of a deed for the land, nor any offer to perform the contract; and because the deed was not brought into court.

The record entry shows that " the demurrer, after argument, was sustained as to the first count." On a subsequent day of the term, the cause came on to be heard, and the defendant failing to appear and plead or answer to the petition, judgment by default was rendered against him for the amount found due on the note, but without any order for the sale of his interest in the land. The defendant appeared on the next day and moved the court to set aside the judgment by

default and allow him to answer.    The motion was supported
by the affidavit of defendant, but was overruled by the
court.    As the demurrer was to the whole petition, and as
the third count was not liable to the objection taken, the de-
murrer should have been overruled, and the defendant can
not assign for error that the court did not sustain the same to
the second and third counts.    The motion to set aside the
default was properly overruled.    The defendant had appear-
ed to the action by his attorney, on the second day of the
term, and filed his demurrer to the petition.    On the fourth
day of the term, the demurrer being disposed of, and the
defendant called upon to answer over to the petition, he
made default, and judgment was rendered against him.    The
only excuse for this default shown by the affidavit is, that
defendant was unprepared at the time to furnish his attor-
ney with papers and exhibits necessary to be filed with the
answers.    That he was not so prepared, is to be attributed
to his own want of diligence in preparing his defense.    The
court exercised a proper discretion in refusing to relieve him
from the consequences of his own neglect.

Judgment affirmed.