McCoid v. Beatty, Garnishee.

1. Garnishment: unnegotiable paper. When the maker of a note which has been assigned after maturity is attached as the garnishee of the assignor, it is the duty of the assignee to give notice of such assignment in time to enable him to show it in his answer, or at least before judgment against him. If he fail to do this, and judgment is rendered against the garnishee, such judgment is a bar against any suit brought on the note.

*Appeal from Jefferson District Court.*

Monday, October 21.

Beatty was summoned as garnishee, at the suit of plaintiff against one Jackson. From his answer, it appears that he made his note to one Johnson or order, or bearer, (and which it is not remembered;) that long after the same was due, it was the property of Jackson, duly assigned and presented to the garnishee for payment. It was not paid, nor did the garnishee know where it was, or who owned it at the time he thus answered. Upon these facts the garnishee was discharged, and plaintiff appeals.

*Wilson & Stubbs* for the appellant, relied upon § 949, Code of 1851; *Walters* v. *The Washington Insurance Company*, 1 Iowa, 404; Parson's Mer. L. 101, § 5; Story Prom. Notes (2d ed.) 202, § 178.

*Negus & Culbertson* for the appellee, relied upon Drake on Attach. (ed. of 1854) §§ 580–594.

Wright, J.—After the maturity of the note it ceased to be negotiable, in such a sense that the assignee could be treated as a *bona fide* holder. Any one taking it after that time would take it subject to the same defenses, as if the note had on its face been unnegotiable. The true rule in relation to one summoned as the debtor of the principal debtor,

on such paper, as fully recognized in *Walters* v. *Insurance Company*, 1 Iowa, 404, is, that the assignee of the debt should give notice to the garnishee, of the assignment, in time to enable him to show such assignment in his answer, or at least before judgment against him. If he fails to do this, and judgment is rendered against the garnishee, such judgment is a bar, against any suit brought on the note. And while the rights of a garnishee are to be carefully protected, and he is to be charged upon his contract, with his creditor, precisely as it exists between them, yet we think the rule is correct, and will sufficiently protect all parties, which holds the garnishee liable, who has no notice of the assignment of unnegotiable paper, which has been clearly and unquestionably shown to be the property of the principal debtor, either as the original payee, or subsequent assignee. This is beyond question the rule in this State, since the case of *Walters* v. *Insurance Company*, *supra*, and whatever doubts the writer of this opinion entertained of its correctness, or may still entertain, he yields to it as settling a question, beset with many difficulties. And of that character also which it is quite as important to leave undisturbed when once adjudicated, as to constantly discuss and re-examine, with the view of arriving at greater abstract or theoretical perfection.

Reversed.