## STEVENS V. PUGH.

1. GARNISHMENT: *Held*, that if A. is indebted to B. on a promissory note which is over due, C. may in a suit against B. garnish A. as his debtor, and hold him liable, when the note is assigned after garnishment and before the garnishee answers, when the garnishee has knowledge of the fact at the time the answer is made.

*Appeal from Tama District Court.*

TUESDAY, DECEMBER 10.

THE facts are fully stated in the opinion of the court.

*Smith, Young & Smyth* for the appellant.

*Allen* for the appellee.

LOWE, C. J.—The facts composing the history of this case are these: On the 25th of November, 1858, the defendant gave his note, secured by mortgage, to Merchant & Davis, or bearer, in the sum of $149,64, payable the 1st day of April, 1859. After the maturing of this note, to-wit: on the 19th of August, 1859, it with the mortgage was assigned to one Davis, who on the same day assigned them to Jackson, and Jacksan on the 22d of December thereafter, assigned them to one Elizabeth J. Stayley, who on the 2d of February, 1860, made an assignment to the plaintiff.

Stevens v. Pugh.

On the 18th day of January, 1860, a garnishment was served on Pugh, the defendant, at the suit of Michael Donnohue against Thomas J. Staley *et al.* On the 15th of Februrary, 1860, Pugh made his answer to the garnishment having first been notified by Stevens the plaintiff that he held and was the owner of said note and mortgage. This answer does not appear of record, but on the following day the court found the garnishee, Pugh, indebted to Thomas J. Staley in the sum of $161, 64; and for that amount rendered a judgment against the said Pugh in favor of Donnohue. This judgment Pugh sets up in his answer as a bar to a recovery by the plaintiff upon the note and mortgage, and was sustained by the court below. The other facts to be considered in connection with this statement, are of record, being found in a bill of exceptions. They are these: Jackson testified that on the 22d day of December, 1859, he was the owner of the note and mortgage in question, and at that date, sold the same to Thomas J. Staley, receiving from him in consideration a silver watch, forty-five dollars cash, a quantity of lumber and his note for ten dollars; that he did not see or know Elizabeth J. Staley, in the transaction, but nevertheless assigned the note to her by request of her husband, Thomas J., with whom he made the trade. The plaintiff Stivers at the instance of defendant testified that on the 2d of February, 1860, he took an assignment of the note from Elizabeth J. Staley; that he gave her his own note for the same amount, less his fee for the collection of said note and mortgage, and perhaps some other professional fees, his note to be paid when he should collect the note and mortgage assigned to him against Pugh, the defendant. He also testified that Elizabeth J. Staley had placed said note and mortgage in his hands for collection some three weeks before the same was assigned to him, and that he had possession of the same when the garnishment was served, but notified the defendant Pugh that he was the

owner of the note before he made his answer to the garnishment.

Attaching no importance to the fact that the note and mortgage had been assigned by Jackson to Elizabeth J. Staley by name, which was a mere colorable transaction, her husband being in fact the owner, having purchased and paid the consideration, and which was settled upon a hearing of the garnishment; and expressing no opinion of the motive the plaintiff could have had in taking an assignment of the instruments under the circumstances which he did, we think the foregoing facts present only the following proposition of law, to-wit:

If A. is indebted to B. on a promissory note overdue, can C. in a suit against B. garnish A., and hold him liable when the note was assigned between the service of the garnishment and the answer, A. having knowledge of that fact.

We hold that he can, upon the principle and rule of practice which we have already established and laid down in the following cases: *Walters* v. *Washington Ins. Co*, 1 Iowa 404; *McCoid* v. *Beatty ante*.

At the service of the garnishment the note was past due, and had lost its negotiable character, and stood upon the footing of other property attached for debt. If the defendant had notice of the assignment to plaintiff before he answered, so had the plaintiff of the garnishment before he took the assignment, and to that extent was the *bona fides* of his ownership impeached. He can not be permitted thus to rescue from the custody of the law, rights which had been secured as the reward of diligence, and to which the defendant was compelled to bow in submission.

The judgment below is affirmed.