## ZAPPLE v. RUSH.

Demurrer: GENERAL: WHEN DEFECTIVE. The sustaining of a general demurrer to the whole division of an answer, some of the causes set forth in which are well stated, is erroneous.

*Appeal from Wapello District Court.*

WEDNESDAY, JULY 31.

PLAINTIFF, before a justice of the peace, claimed forty-seven dollars and five cents, on account. The answer contained three divisions duly numbered. The second claims a set-off of ten dollars for the rent of a slaughter-house, fifteen dollars, one-half of the sum collected by plaintiff, of several persons (named), on a partnership accounts due the firm of Rush & Zapple, and ten dollars for damages to said slaughter-house while used by plaintiff.

To this part of the answer plaintiff demurred, because it appears thereby that when the transactions therein charged occurred, the parties were partners, and it is not alleged that said partnership matters have been settled, and the amount found due defendant from plaintiff. And also because the subject-matter thereof was cognizable in equity, and the justice, therefore, had no jurisdiction to hear and determine it.

The justice sustained the demurrer. On appeal by defendant, in the District Court, the demurrer was again sustained, and judgment rendered for the full amount of plaintiff's claim. Defendant excepted and appeals.

*A. W. Gaston* for the appellant

*Hendershott & Burton* for the appellee.

WRIGHT, J. — In sustaining this demurrer, the court below, as it seems to us, misapprehended the tenor and purpose of defendant's answer. The demurrer strikes at and objects to the *whole* of the second division. And yet there is nothing from which,

DEMURRER: general: when defective.

by implication even, it can be gathered that the charges for the rent of the slaughter-house and damages thereto, were in any manner connected with the business of the parties as partners. For aught that appears, defendant owned the house in his own right, and plaintiff was liable to him as an individual, to the amount claimed. The suggestion by counsel that the demurrer was only sustained so far as it struck at the partnership matters, finds no support in the record. It was sustained as to the whole of this division of the answer. By its language it strikes at the whole, and thus broadly was it sustained.

The other division of the answer, in effect, admitted the correctness of plaintiff's demand. If this ruling on the demurrer had been corrected, the judgment for plaintiff legitimately followed. This ruling, however, left the defendant without any part of his set-off, or right to be heard upon it, and, as it was erroneous, the judgment must be reversed.

Reversed.