## McPhail & Co. v. Hyatt.

1. **Pleading :** DEMURRER : PRACTICE. It is error to sustain a demurrer to the whole of an answsr, one count of which is good as putting in issue material averments of the petition.

2. —— The allegation, that of the truth of such averments defendant has not knowledge or information sufficient to form a belief, is equivalent to a denial thereof under the statute.

3. **Garnishment ;** EFFECT OF JUDGMENT BY DEFAULT AGAINST GAR-NISHEE. A judgment by default against a garnishee, who failed to appear in an attachment proceeding in which he was garnished, constitutes no bar to a subsequent action against him on the debt for which he was garnished by one claiming to own or hold the same by assignment from the defendant in the attachment proceeding, prior to the garnishment.

    *Argu.* For a mere failure to appear, a garnishee is not liable to pay the amount of the judgment until he has had an opportunity to show cause against the issuing of an execution ; and this would enable the garnishee to protect himself from liability in the present case by showing the assignment of the debt to plaintiff. and the judgment in his favor against him thereon.

*Appeal from Clinton District Court.*

THURSDAY, JULY 21.

PLAINTIFFS declare for $325, with interest, which they claim to be due them, as part consideration for a piano sold and delivered by them to defendant. The contract was in writing, dated December 1, 1868, and by it defendant undertook to pay one Brink for the piano, " bought of him," $625, the first payment (that here sued for), becoming due June 1, 1869. It is alleged that Brink was plaintiff's agent in making said sale, and that he afterward (January 5, 1869), assigned the contract to one of plaintiffs for their use and benefit, and that they own the same, being the real parties in interest.

The answer states, that March 19, 1869, one Kimball commenced an action against Brink, obtained an attachment against his property, and served defendant with notice of garnishment ; on April 27, following, Kimball recovered judgment against Brink, as also against defendant as garnishee, both of said judgments remaining in full force. Not until after said judgment did defendant have notice of the assignment of said instrument, nor did he know at the time of judgment that Brink was plaintiffs' agent in making the sale, but he believed at the time of his purchase of the piano, and until since the judgment aforesaid, that he was the owner of said instrument. Whether the assignment was made, or whether plaintiffs owned the piano, as alleged, defendant says he has not sufficient knowledge or information to form a belief. Defendant did not, in view of his supposed indebtedness to Brink for the piano, make defense against said garnishment, nor make any appearance therein. He denies that the piano was sold and delivered to him by plaintiffs, or

that he ever promised to pay them any money at any time for the same.

The answer was demurred to, because it does not show that defendant made answer as garnishee or any defense to said proceeding, disclosing the nature of his indebtedness ; because, since being informed of plaintiff's ownership of this debt, he has failed to take steps to relieve himself from liability on said judgment ; because he has not paid said judgment, nor has execution issued thereon ; and because the judgment is no bar to plaintiff's action.

This demurrer was sustained, and defendant excepted, and appeals. This action was commenced August 23, 1869.

*Cotton & Cross* for the appellant.

*Ellis Bros.* for the appellees.

WRIGHT, J.—There seems to be no escape from the proposition, that, upon one ground (it may be technical, and yet how vital to the merits of the controversy we cannot know), this judgment must be reversed.

1. PLEADING: demurrer: practice.

If plaintiffs were not the owners of the piano, and if the instrument given therefore to Brink was not assigned before the judgment against the garnishee, it follows, almost, if not quite, necessarily, that such judgment would be a complete defense to this action. It is not claimed in the petition that plaintiffs were the *real parties in interest*, otherwise than by such ownership or assignment, *before* said judgment. The answer, instead of denying the ownership or assignment, says that defendant has *not knowledge or information* sufficient to form a belief. This form of denial presented a material issue. Rev. § 2880 ; and see *McFarland, Dodge & Co.* v. *Lester*, 23 Iowa, 260 ; *Manny & Co.* v. *French*, id. 250. It was error,

McPhail & Co. v. Hyatt.

therefore, to sustain the demurrer to the whole answer and render judgment for the plaintiffs upon the pleadings as they then stood.

It is manifest, however, that the real question in the case is, whether, assuming that defendant's indebtedness **3. GARNISH-** was to plaintiffs, at the time of the garnish-**MENT : effect of judgment** ment and judgment, he having no notice of **by default against gar-** the real ownership, will such judgment pro-**nishee.** tect him, and bar this action, the plaintiffs neither giving notice to him of their ownership or interest in the claim, nor he interposing any defense to said garnishment proceeding, either before or after the so-called judgment ?

If defendant had had knowledge of plaintiffs' claim before answering, or if this certainly was before judgment against the garnishee, assuming the facts to be as plaintiffs claims, there would be no question as to the rights of the parties, for clearly the claim would not be liable for the debts of Brink. What then is the effect of this judgment, rendered under the circumstances stated in the answer ?

It is said that the garnishee was not made liable, nor is not now, by this judgment, because the paper or instrument evidencing the indebtedness was not delivered, nor he indemnified from all liability thereon, after satisfying the judgment, as required by law. Rev. § 3211. Our opinion is, that these matters might have availed him if he had interposed them before the recovery against him, or perhaps might now, if in a proper manner he should urge the same. But they do not, under and according to the statute, go to the power of the court to render the judgment, so far as to avail a third or other person, when insisted upon in the form and manner here presented. Then, too, whether the instrument was or was not surrendered, does not appear. It is averred that

there was a judgment, and we are bound to presume, in the absence of a showing to the contrary, that it was properly rendered, or that the steps necessary to render it regular were taken. Accepting the averment of the answer as true, we at least will not presume against either the power of the court in rendering the judgment, or the regularity of its action. *Harmon* v. *Birchard*, 8 Blackf. 418; *Atcheson* v. *Smith*, 3 B. Mon. 502. And these same propositions apply to the argument that the judgment does not conclude plaintiff, because rendered for the mere failure of the garnishee to appear, without opportunity to show cause against issuing an execution. Rev. § 3206. As a judgment it must conclude plaintiffs, as to this objection, to the same extent that it does the garnishee. The question still remains, however, whether in view of this statute and the general law, as defendant has notice of the claim of plaintiff before the issuing of an execution or payment of the judgment, he is not in a condition to protect himself, and whether the plaintiffs herein may not, at the same time, be protected in their rights.

The cases of *Walters* v. *Insurance Co.*, 1 Iowa, 404, and *McCoid* v. *Beatty*, 12 id. 299, fairly recognizes the doctrine, that the holder of a note, assigned after maturity (or of even non-negotiable paper whether assigned before or after due), should give the maker notice of such assignment ; and if he fails to do so before judgment against him, as garnishee, at the suit of a creditor of the original payee, such judgment would bar an action on the note in the name of the assignee. By reference to these cases, it will be seen that they never met my unqualified approval, for I dissented in the first and concurred in the second, upon the ground of precedent and from the doctrine of *stare decisis*.

Leaving these cases, however, undisturbed, we rule this

upon its facts, and upon a point not heretofore made, under the statute last cited. The defendant did not appear when summoned as garnishee, but failed to make answer, and the *presumption* in law, hence, was, that he was indebted to the defendant in that action to the amount of the demand against him. Rev. § 3205. But for this failure *he is not liable to pay* the amount of the plaintiffs' judgment, until he has had an opportunity to show cause against the issuing of an execution. Id. And see *Meeker* v. *Saunders*, 6 Iowa, 61, where it is said that the garnishee is not liable to pay the amount of plaintiff's judgment, by mere failure to appear, until he has had opportunity to show cause. In this case, before payment, before execution, according to his answer (aside from the averments therein heretofore held to be good), before notice to show cause, he is advised of *matter* which will be a sufficient cause, and takes away or removes the liability to pay. And being thus advised, it is his duty of course to interpose it, else, by his own culpable negligence, he might be held thereon after judgment against him in this action. The law does not shield a negligent garnishee any more than any other careless suitor. *Houston* v. *Wolcott*, 7 Iowa, 178; *Flagg* v. *Parker*, 11 id. 18 ; *Burton* v. *Dist. Township*, id. 166 ; *Large* v. *Moore*, 17 id. 258 ; *Parmeter* v. *Childs*, 12 id. 22 ; Drake on Att. 658.

It will be observed that the answer does not aver that he has ever had this opportunity to show cause. And it must not be inferred from any thing heretofore said that we regard the answer as setting up a judgment awarding execution after such opportunity. The case, under the garnishment proceeding, as we understand it, remains as the law requires it shall stand when the garnishee fails to make answer—a judgment interlocutory in its nature—without right or ability to enforce it until notice to the garnishee and an order for execution duly obtained.

Before the plaintiff shall give him this opportunity, or, so to speak, perform this condition precedent to obtaining execution, it is believed that payment by the garnishee would not protect him.    Drake on Attach., 3d ed., § 711, clause 6 ; and *Myers* v. *Ulrich*, 1 Binn. 25 ; *Oldham* v. *Ledbetter*, 1 How. (Miss.) 43; *Grissom* v. *Reynolds*, id. 570; *Sargeant* v. *Andrews*, 3 Me. 199.    To make the judgment a bar, without satisfaction, it must at least be final. And see *Brannon* v. *Noble*, 8 Geo. 549; *Brown* v. *Somerville*, 8 Md. 444 ; *Cook* v. *Field*, 3 Ala. 53 ; *Meriam* v. *Rundlett*, , 13 Pick. 511; *Flower* v. *Parker*, 3 Mason, 249.

It is therefore held, that, as under the statute the defendant has still an opportunity to be heard against the enforcement of the judgment in favor of Kimball, as it has not been paid, and as he has notice of plaintiff's claim in time to thus protect himself, the garnishment proceedings do not bar this action.    This ruling cannot be regarded as in conflict, or as overruling, the cases before cited in 1 and 12 Iowa, as the question here made did not arise there.    Then, too, we intimate no opinion in a case where the execution had been ordered before notice of the transfer, after opportunity to show cause had been given, though the judgment remained unsatisfied.    That case is not before us.

Because of the matter noticed in the first part of this opinion, the judgment below must be reversed.    In conclusion we remark, that good practice and safety to the rights of all concerned would suggest the propriety of making Kimball, and possibly Brink, parties to this action.

Reversed.