## HINE v. THE K. & D. M. R. Co.

1. **Pleading:** DEMURRER. Where the petition alleged plaintiff's ownership of the property in controversy and the answer denied each and every allegation of the petition, a general demurrer to the answer was held to have been properly overruled.

2. **Former Adjudication:** PRECEDENT. A judgment will not be conclusive in another action between different parties, although the subject matter in controversy be similar, and the former will not be a binding precedent for the determination of the latter.

3. **Railroads:** MUNICIPAL CORPORATIONS: RIGHT OF WAY. A railway company has the right, subject to proper equitable control and police regulations, to lay its track in the street of a city without the consent of the city authorities; and such right is not conditioned upon the previous payment of damages.

*Appeal from Lee District Court.*

WEDNDSDAY, APRIL 5.

THIS is an action for the possession of lots three, four, five and six in block one, in the city of Keokuk, and the land lying in front of said lots, extending from the front line of said lots to the Mississippi river, the full width of said lots.

Plaintiffs allege that they are entitled to the immediate possession of said premises, as against the defendants; that they are the owners in fee simple of said property, subject only to the rights of the public to use so much thereof as is included within the limits of Water street, for a public highway, and that defendants hold unlawful possession of the same, as against plaintiffs.

Plaintiffs also allege that defendants are indebted to them in the sum of one thousand dollars on account of rent for the use and occupation of the premises as a switch yard and road bed for their main track, and as depot grounds for eight years last past.

The defendant answered as follows: "Defendant denies each and every allegation contained in said petition, except such as are herein expressly admitted.

Defendant, further answering, shows that it is a corporation duly organized under the laws of the State of Iowa, and engaged in operating a railroad from the city of Keokuk to the city of Des Moines, in the State of Iowa. That defendant was incorporated on the .... day of December, 1873, and at that date purchased, and became the absolute owner of the railroad, and all tracks, depots, franchises, etc., of the Des Moines Valley Railroad Company, formerly known as the Keokuk, Ft. Des Moines & Minnesota Railroad Company, and, since the date last aforesaid, the defendant has been engaged in operating said railroad between said cities, and the main track of said railroad runs in front of said lots described in plaintiffs' petition, but said track, in front of said lots, is located on a public street of said city of Keokuk, and that said track was located on said street, with the consent and by the authority of said city of Keokuk, and defendant has used said track, in front of said lots, since said date, by the authority, and with the consent of said city of Keokuk.

Defendant shows that said railroad track was located on said street, in front of said lots, by said Keokuk & Des Moines Railroad Company, in 1857, by the authority and with the consent of said city of Keokuk, and has been continually used ever since by said Keokuk, Ft. Des Moines & Minnesota Railroad Company (afterward known as the Des Moines Valley Railroad Company), and this defendant, with the consent of the said city of Keokuk, and without any opposition or claims on the part of plaintiffs, or any of them. Wherefore defendant prays to be dismissed with costs."

Plaintiffs demurred to said answer :

1. Because it constitutes no defense to plaintiffs' cause of action.

2. Because the city of Keokuk had no authority to grant the right of way to said railway company over the streets of the city of Keokuk.

3. Because the city of Keokuk had no right or power to grant the right of way to defendants over the property of plaintiffs.

4. Because the only way said defendants could obtain the

right of way over the streets or property of plaintiffs, in the city of Keokuk, is by condemnation of said property as provided by law.

5. Because the granting of the right of way by said city to said railroad company, over Water street, is unconstitutional, being a taking of private property for public use without compensation.

6. Because defendants pretend to claim under authority granted by the city of Keokuk, and no copy of said authority or ordinance is attached to the answer.

7. Because the city of Keokuk, acting under a private charter, had no authority or power to condemn either public streets or private property for the use of railroads.

8. Because the city of Keokuk, by virtue of its special charter, has only the right of way over its streets and alleys for the use of the public. The fee simple title of said streets and alleys being in the abutting lot owners, subject only to the right of way in the city for the use of the public, any lease or contract entered into by said city, as to the use of said streets and alleys for other purposes, is contrary to the grant to the city, and without authority, and is void.

9. Because the letting of the use by the said city of Keokuk of its streets and alleys, or any part thereof, to private corporations or individuals, is contrary to the powers granted in its charter, as well as contrary to its right of use of said streets and alleys, and any such lease or grant is void.

This demurrer was overruled, and, the plaintiffs electing to stand upon their demurrer, the cause was dismissed, and judgment was entered for defendant for costs. Plaintiffs appeal.

*Seaton & Spaan*, for appellants.

The fee title of the streets and alleys of the city of Keokuk is in the abutting lot owners. (*Haight v. Keokuk*, 4 Iowa, 199; *Milburn v. Cedar Rapids*, 12 Id., 246.) Land owners in dedicating property for a street give simply an easement—the right of use—reserving all other rights. (*Dubuque v. Benson*, 23 Iowa, 248.) To subject the owner of the soil of

the highway to a further appropriation of his land to railway uses is the imposition of a new servitude upon his estate, entitling him to compensation therefor. (*Nicholson v. N. Y. & N. H. R. Co.*, 22 Conn., 85.) Where the public have only an easement in the street, the legislature cannot authorize a steam railway to be constructed thereon against the will of the owner. (Dill. on Mun. Corp., § 576; *Wagner v. Troy Union R. Co.*, 25 N. Y., 526; *Inlay v. Union Branch R. Co.*, 26 Conn., 255; Cooley's Const. Lim., 546–8; Redf. on Railways, 299; *R. R. v. Schurmeir*, 7 Wal., 272.) The ordinary powers of municipal corporations to regulate streets are not sufficient, it is believed, to empower them to authorize their use for a steam railway. (Dill. on Mun. Corp., § 358; *Lade v. Sheppard*, 2 Strange, 1004; *Springfield v. Conn. River R.*, 4 Cush., 63; *Ford v. C. & N. W. R.*, 14 Wis., 663.) Where the owners of land lay out a town they have a vested right to what are designated as public grounds, which cannot be divested by the owner making dedication, nor by the town in its corporate capacity. (*Dubuque v. Maloney*, 9 Iowa, 450; *Leffler v. Burlington*, 18 Id., 361.)

*John Fyffe* and *Craig & Collier*, for appellee.

The dedication of streets in cities includes uses not comprehended in the dedication of highways in the country. (*Haight v. Keokuk*, 4 Iowa, 214; *Milburn v. Cedar Rapids*, 12 Id., 260; *Cook v. Burlington*, 30 Id., 105; *Cook v. Burlington*, 36 Id., 364.) The use of the street is only limited by the demand and necessities of the public, and the right of the public therein comprehends any change which its convenience may dictate. (Redf. on Railways, 4 ed., pp. 311–2; *Elliot v. Fairhaven & Westville R. Co.*, 32 Conn., 579.) The dedication to the public use is without restriction as respects the right of way or mode of transit. (*Milburn v. Cedar Rapids, supra.*) The city could not refuse to allow the railway company to place its track upon the street. (*Ingram, Kennedy & Day v. C. D. & M. R. Co.*, 38 Iowa, 455; *C., N. & S. W. R. Co. v. Newton*, 36 Id., 299; *Clinton v. C. & L.*

*H. R. Co.*, 37 Id., 61.) The operating of a railway over a public street is within the purpose of the original dedication as a highway. (*Wetmore v. Story*, 22 Barb., 414; *Moses v. P. & Ft. W. R.*, 21 Ill., 554; *Porter v. N. W. R.* 33 Mo., 128; *Whittier v. P. & K. R.*, 38 Me., 26; *M. & E. R. v. Newark*, 2 Stockt. Ch., 352; *Black v. P. & R. R.*, 58 Pa. St., 249.)

DAY, J.— I. The petition alleges that plaintiffs are the owners in fee simple of the premises in controversy, subject

1. PLEADING: demurrer.

only to the rights of the public to the use of Water street. The answer denies each and every allegation of the petition, except such as are expressly admitted. It is nowhere in the answer admitted that plaintiffs owned the property in controversy. The demurrer is general to the entire answer. For that reason, if for none other, the demurrer was properly overruled. This will be rendered fully apparent by supposing that the court had sustained the demurrer and defendant had refused to plead further. Plaintiffs might then have had judgment, as by default, notwithstanding the fact that the answer denies plaintiffs' ownership of the property in question. That it would have been error to have sustained the demurrer, and hence was not error to overrule it, see *McPhail & Co. v. Hyatt*, 29 Iowa, 137. See, also, *Jarvis v. Warich*, 10 Iowa, 29; *Coon v. Jones*, Ib., 131; *Zapple v. Rush*, 23 Iowa, 99; *Hendershott v. Ping*, 24 Iowa, 134.

II. Although the petition asks possession of lots three, four and five, and of Water street lying between these lots and the Mississippi river, yet it is apparent from the answer and the argument of appellants that the right to the possession of Water street is the only thing in controversy. Appellants, in their argument, say: "We found our rights, in this case, upon the following propositions:

"1. The fee title of the streets and alleys of the city of Keokuk, including Water street, is in the abutting lot owners.

"2. The fee title of said streets and alleys being in the

abutting lot owners, they have a right of property therein, which cannot be taken for public use without compensation, under the constitutional provision that private property shall not be taken for public use without just compensation.

"3. Said defendants claiming to have a right to lay their track along Water street, by virtue of a grant from the city of Keokuk, and from no other source, the power to grant such right of way must be expressly given in the charter of said city, or necessarily implied from its general powers over streets and alleys."

It is thus apparent that the foundation of plaintiffs' claim is that they have the fee title to Water street. Whether or not the fee of Water street is in the plaintiffs is a question of fact, and depends upon the proof which may be introduced. Yet, notwithstanding the averment of such ownership in the petition, and the positive denial of it in the answer, appellants throughout argue the case upon the hypothesis that appellants' ownership of the fee of the street is an established or conceded fact. In support of their position appellants cite *Haight v. The City of Keokuk*, 4 Iowa, 199, decided in 1856. It is true that in that case, upon the evidence there produced, it was decided that Haight who owned lots abutting upon Water street owned the fee in that street, subject to the pub-

2. FORMER adjudication: precedent.

lic easement. But the defendants in this case were strangers to that controversy, and they are not bound by it. Upon the trial they may show an entirely different state of facts from what was proved in that case. They may even show that the property in controversy was laid out and platted by a different proprietor, at a different time, and that the dedications and reservations are different from those contained in the plat under which the decision in *Haight v. The City of Keokuk* was made. But whether the defendants may be able to show a different state of facts or not, it is clear that they must be permitted the opportunity of making the effort, and that they cannot be estopped by what was determined in that case. If the facts should appear to be substantially the same as were found to exist when *Haight v. The City of Keokuk* was determined, then that case will be

a precedent for the enunciation of the same general doctrine; and that is all the office which that case can perform in this controversy. That the plaintiffs owned the fee in Water street cannot be assumed as a legal conclusion, nor is it a fact of which the court can take judicial notice. Having been denied, it must, like other facts, be proved. This, it seems to us, is decisive of this case. The whole argument of appellants is based upon a premise which is not admitted to be true, and of the truth of which there is no proof. The right of a lot owner, who has the fee in the abutting street, to damages for the occupation of the street by a railway propelled by steam is not involved in this case, in the present state of the record, and respecting that we express no opinion.

III. Whether or not the city of Keokuk. under its charter, could confer upon defendant the right to occupy a street in the city is not material. In the *Chicago, Newton & Southwestern R. Co. v. The Mayor of New'on,* 36 Iowa, 399, it was determined that the various views maintained in *The City of Lyons v. The Cedar Rapids & Missouri River R. Co.,* 24 Iowa, 55, had settled the principle that a railroad company has a right, under the provisions of section 1321 of the Revision, subject to proper equitable control and police regulations, to pass over a street in a city without the consent of the city authorities; and that the right does not depend upon the *previous* payment to the city of the damages occasioned by such occupation. As against the city, then, the defendant had the right to occupy the street, subject to the conditions named.

> 3. RAILROADS: municipal corporations: right of way.

There was no error in overruling the demurrer.

AFFIRMED.