Ladd, C. J.
*756 1. Garnishment: assignment of claim by debtor: notice. *755 Of the wages owing Condon as an employe of the Chicago, Milwaukee & St. Paul Railway *756 Company earned during the months of April' and May, 1907, the sum of $80.77 remains unpaid. To whom shall this be awarded? To plain- , tiff as an assignee under an instrument purporting to transfer the same to her dated October 4, 1906, or to 'Dignan, who caused the company to be garnished as Condon’s supposed debtor May 9, 1907? That Dignan was without notice prior thereto is not important, for the process of garnishment can reach nothing other than may have been owing or belonged to the judgment debtor. Nor is the effectiveness of the assignment impaired by the fact that the garnishee was not informed thereof until after the service of the process of garnishment. It learned thereof -soon enough to interpose the same in its answer, and that was timely. Shinn on Attachment & Garnishment, Sections 538, 539; Jones v. Banking Co., 104 Ala. 252 (16 South. 11); Savage v. Craig, 150 Ill. 161 (37 N. E. 312). The company might protect itself from liability as garnishee by showing the assignment at any time before judgment. McPhail v. Hyatt, 29 Iowa, 137; McCoid v. Beatty, 12 Iowa, 299; Large v. Moore, 17 Iowa, 258.
2. Same: priority of claims. Appellant argues that the above rules are obviated by the amendment to section 3047 of the Code enacted by the Thirty-First General Assembly (Laws 1906, chapter 148), which provides that “no sale or assignment by the head of the family of wages, whether the same be exempt from execution or not, shall be of any validity whatever unless the same be evidenced by a written instrument and if married unless the husband and wife sign and acknowledge the same joint instrument before an officer authorized to take acknowledgments; and assignments of wages shall have priority and precedence in the. order in which notice in writing of such assignments shall be given to the employer, and not otherwise.” It seems to be thought that *757 the last clause gives precedence as between an assignment and service of process of garnishment in the order of notice in writing; but such is not its purport. No allusion is made to anything other than assignments in writing, and these are given precedence in “the order in which notice in writing is given.” It would be a perversion of the language employed to construe the statute as contended by appellant. Plainly the legislative intent was to go no further than to lay down a rule by which to determine priority as between successive assignments.
3. Appeal: assignment of error. There were many rulings on the admissibility of evidence bearing on the interest of the notary taking the acknowledgment to the assignment, on which error is not otherwise assigned than by saying that there was error in “the rulings of the court excluding evidence offered to show the disqualification of the notary.” The argument is equally general.
Manifestly this is too indefinite to challenge consideration on appeal (McCormick Harvesting Machine Co. v. McCormick, 128 Iowa, 155), and, as no interest on the part of the notary was made to appear, the judgment must be, and is, affirmed.