## G. W. SHULER *v.* T. D. BRYSON.

Where, on an attachment against the payee of a negotiable note, the maker is summoned as garnishee and admits his indebtedness to the payee, and thereupon a judgment is given against him for the amount, it will be no defence to such maker when sued upon the note by one who became a *bona fide* endorsee before he was summoned as a garnishee in the attachment, even though such endorsement was made after the note was over due.

When one is summoned as a garnishee in an attachment, and owes a note which is negotiable, he has a right to insist upon the production and surrender of the note, or upon an indemnity as in the case of a lost note, before a judgment is taken against him upon his garnishment.

The cases of *Myers* v. *Beeman*, 9 Ired. 116, and *Ormond* v. *Moye*, 11 Ired. 564.

This was a suit commenced before a Justice of the Peace and taken, by appeal, to the Superior Court of the County of JACKSON, where it was tried at the Fall Term, 1871, before his Honor, *Judge Cannon.*

Upon the trial it appeared that the plaintiff's claim was upon a promissory note made by the defendant on the 8th day of January, 1869, payable to William Nichols one day after date, and by him, endorsed to the plaintiff on the 1st day of April, 1869. At the time of the endorsement there were certain credits for payments on the note which were admitted by the plaintiff. The defendant admitted the making of the note to Nichols, and relied as a defence against the plaintiff's recovery, a former judgment obtained by R. M. Henry on an attachment against Nichols, the payee of the note, in which the defendant had been summoned as a garnishee on the 13th day of April, 1869 ; and upon the defendant's answer as garnishee, the plaintiff in the attachment, R. M. Henry, obtained a judgment against him for the amount then due on the said note. In his answer to the garnishment the defendant had stated the time when he gave the note, and that on the 18th of January, he had made

a payment which was credited on it, and that he had not seen it afterwards. But on the day on which notice of the garnishment was served on him, the present plaintiff, Shuler, informed him that he had the note, and the defendant prayed the Court to direct him to whom to pay the note.

The plaintiff in the present suit tendered evidence that he had paid a valuable consideration for the note and had had it endorsed to him before notice of the garnishnent had been served upon the defendant, Bryson, but this evidence was rejected by the Court.

His Honor instructed the jury that if the note now sued upon was the same as that upon which the judgment in the attachment upon the defendant's garnishment had been rendered, it was an adjudication of the rights of the parties, and the plaintiff was not entitled to recover.

There was a verdict and judgment for the defendant, and the plaintiff appealed.

*Phillips & Merrimon,* for the plaintiff.
No counsel for the defendant.

PEARSON, C. J. The note sued on was executed on the 8th of January, 1869, payable one day after date. It was endorsed to plaintiff on the 1st of April, 1869. Being overdue, the plaintiff took it, subject to all equities and liens that had attached to it in the hands of the assignor at the date of the assignment. But subject to this the title passed to the plaintiff, and the defendant from that time became his debtor, and no longer owed the payee anything.

It follows, that Robert Henry, plaintiff in the attachment sued out afterwards, to-wit: on the 13th of April, 1869, acquired no lien on the note, and it was the folly of the defendant when summoned as garnishee, to admit an indebtedness to the payee upon a *negotiable note* which had in fact been assigned to the plaintiff, twelve days before.

The admission should have been qualified. He was only indebted to the payee, provided the note had not been assigned. He had a right, and ought to have insisted upon the production and surrender of the note before judgment against him as garnishee, or else to have required indemnity, as in case of a lost note.

He may blame himself for submitting to a judgment as garnishee, when in fact he owed the payee nothing.

This is clearly settled by the case *Myers* v. *Beeman,* 9 Ired. 116, where the subject is fully discussed, and by the case *Ormond* v. *Moye,* 11 Ired. 564. In that case the garnishment was served *before* the assignment. And the Court approving *Myers* v. *Beeman,* put the plaintiff's right to recover on the ground, that although the garnishment was served before the assignment, yet as the assignment was made before the note fell due, the plaintiff acquired the title, discharged from the lien created by the garnishment of which he did not have notice.

There is error.