No. 8564.

NEWMAN v. MANNING.

PROMISSORY NOTE.—*Assignment.*—*Payment.*—*Judgment.*—*Notice.*—*Garnishee.*
—Suit on a promissory note by the assignee against the maker. Answer,
that before notice of the assignment the defendant had paid the note by
paying a judgment regularly rendered against him as garnishee in a suit
against the payee. Reply, that before payment of the judgment the de-
fendant had notice of the assignment; that he had executed to the payee
another note of $600, which the payee held after the assignment of the
note in suit; and praying that so much of the payments made as garni-
shee as would satisfy that note be applied thereon, and that only the
balance of such payments, if any, be applied on the note in suit.
*Held*, that the reply was bad on demurrer.

From the Hendricks Circuit Court.

*C. C. Nave*, for appellant.

*L. M. Campbell*, for appellee.

NIBLACK, J.—On the 20th day of August, 1874, the appel-
lant, Clinton V. Newman, executed his promissory note to one
James A. Hurst, for the sum of $800, payable on the 25th day
of December, 1875. Afterwards, and before maturity, this
note was assigned by Hurst to the firm of Patrick & Manning,
and this was an action by Charles H. Manning, as surviving
partner of that firm, against Newman, on the note.

The defendant answered in three paragraphs:

1. That the defendant had, before notice of the assignment
of the note, fully paid the same by the payment and discharge
of certain judgments taken against him as garnishee in attach-
ment proceedings against Hurst, in the Hendricks Circuit
Court, and before certain justices of the peace of Hendricks
county.

2. Setting up substantially the same defence as in the first
paragraph, but in a different form and more in detail.

3. Averring that the note was given for a tract of land
purchased of Hurst; that at the time of the purchase the sum
of $37 stood as a lien against the land for unpaid taxes, which

the defendant had paid, and setting up that amount as a set-off against the note; also averring payment of the residue of the note by the discharge of certain judgments against him as garnishee, as set forth in the first paragraph.

The plaintiff replied:

1. In general denial.

2. That, at the time of the execution of the note sued on, the defendant also executed a certain other note to Hurst for the sum of $600, payable on the 25th day of December, 1876; that the defendant had notice of the assignment of the note in suit before he made any payment thereon, either as garnishee or otherwise; concluding with a demand that, if the court should adjudge the alleged payments by the defendant as garnishee to have been made upon proper legal compulsion, so much of such payments as were necessary for that purpose should be applied to, and set off on, the $600 note which Hurst continued to hold after the assignment of the $800 note to the plaintiff, and that only the overplus of such payments, if any, should be applied upon, and deducted from, the note held by the plaintiff.

The defendant demurred to this second paragraph of the reply, but his demurrer was overruled.

There was a verdict for the plaintiff, and, over a motion for a new trial, judgment was rendered against the defendant upon the verdict.

The first question is made upon the sufficiency of the second paragraph of the reply.

That paragraph was framed upon what appears to have been the theory that, if the defendant received notice of the assignment of the note in litigation to Patrick & Manning, at any time before he paid the judgments rendered against him as garnishee, he was not entitled to have the amounts paid on such judgments applied as payments on the note. Such a theory is not sustained by the authorities.

On the contrary, notice of the assignment, in cases like this, to be effectual against judgments against the maker of the

note, as garnishee, under proceedings in attachment against the payee, must have been given before such judgments against the maker were rendered. *Sharts* v. *Awalt,* 73 Ind. 304; *Daggett* v. *Flanagan,* 78 Ind. 253.

A person, against whom a judgment as garnishee, under attachment proceedings, has been rendered, is as much bound to pay the judgment, so rendered, as he would be to pay any other judgment ordinarily rendered against him for the recovery of money. Any notice therefore, purporting to require him to disregard such a judgment, after it has been rendered against him, is necessarily ineffectual.

The materiality of the decision upon the demurrer to the second paragraph of the reply was made obvious by the subsequent proceedings, as the cause was tried on the theory upon which that paragraph was framed, that is, if notice of the assignment of the note was given to the defendant before he paid the judgments against him as garnishee, he was not entitled to have the amounts paid by him on such judgments applied as payments on the note.

It appeared, amongst other things, from the evidence, that certain proceedings in attachment, instituted in the Hendricks Circuit Court, in which one Pearson and three others were plaintiffs, and Hurst was defendant, and in which the defendant was summoned as garnishee, came on to be heard on the 17th day of June, 1875; that the defendant admitted upon his examination at the trial, that he was indebted to Hurst in a balance of $760 on the $800 note, and in the sum of $600 on the note for that amount; that the court, upon such hearing, on that day, rendered judgments in attachment for an aggregate sum near $550 and costs of suit, and against the defendant for the balance due from him on the $800 note, ordering him to pay that sum into court when that note should become due, and in default that execution should issue against the defendant's property; also ordering the defendant, in case the amount due upon the $800 note should not be sufficient to

pay the judgments in attachment and costs, to pay into court a sum sufficient, out of the amount to become due on the $600 note, to pay the residue which might remain due on such judgments and costs. There was also evidence tending to show that the first notice which the defendant had of the assignment of the $800 note to Patrick & Manning was communicated to him on the 20th day of June, 1875, three days after the judgments in attachment were rendered.

The court, amongst others, gave the jury the following instruction:

"If the defendant was garnisheed by Pearson and Fellows to answer as to his indebtedness to James A. Hurst, and answered that he owed Hurst on two notes of $800 and $600, respectively, and if in fact, at the time, the $800 note was assigned to plaintiff, of which the defendant received notice about the 20th of June, 1875, and before he made any payment, and if he then voluntarily paid the amount for which he was garnisheed by Pearson and Fellows, and took no steps to notify the plaintiff or to protect himself, knowing that the $800 note was assigned, and the $600 note was then still in the hands of Hurst, he made such payments at his own risk, and the amounts so paid should be first applied to the discharge of the $600 note, and only the excess, if any, allowed by the jury as a payment on the note sued on."

This instruction was palpably erroneous:

First. Because of the construction put upon the notice of the assignment of the note in evidence at the trial.

Secondly. Because of the announcement that the amounts paid by the defendant, as garnishee, should be first applied in discharge of the $600 note.

As is above shown, the Hendricks Circuit Court had, as a part of its judgment in the attachment proceedings, ordered the amount to become due on the $800 note to be first paid into court and applied to the several sums found to be due the attaching creditors. The instruction was, therefore, in oppo-

sition to what had been previously adjudicated by the same court in an appropriate proceeding.

The defendant did not reserve a formal exception to this instruction, but as the cause will have to to be remanded for further proceedings, to result probably in another trial, we have deemed it best to set out the instruction and to express an opinion upon it.

For the error in overruling the demurrer to the second paragraph of the reply, the judgment will have to be reversed.

· The judgment is reversed, with costs, and the cause remanded for further proceedings.