BOOTH v. GISH *et al.*

75 451
84 254

75 451
86 667

75 451
d109 694

1. **Garnishment:** OF PERSONS IN POSSESSION OF DEBTOR'S MORT-
GAGED CHATTELS: CHATTELS TAKEN ON MORTGAGE: LIABILITY.
Where persons who were in the possession of the debtor's mortgaged
chattels, as his agent, were attached as garnishees, and the prop-
erty was taken from them by the mortgagees by virtue of the
mortgages, they were properly discharged from liability. ( See opin-
ion for citations ).

2. ———: ———: NO LIEN CREATED. In such case the garnishment
created no lien on the property or its proceeds, and did not affect
the rights of a second mortgagee whose mortgage was made subse-
quent to the garnishment.

3. ———: ———: SALE ON FORECLOSURE : SURPLUS. In such case, as
the first mortgagee was not garnished, the surplus remaining in his
hands, after satisfying his claim, was not reached by the process,
but was subject to garnishment by another creditor.

*Appeal from Shelby District Court.*—HON. A. B.
THORNELL, Judge.

FILED, OCTOBER 10, 1888.

ON the eighth day of May, 1886, plaintiff commenced
an action at law against Charles O. Gish and Harvey
L. Gish, and on the eleventh day of the next August
recovered judgment therein against both of said defend-
ants for $211.53, and costs. The action was aided by an
attachment against the property of Harvey, which was
served by garnishing Francis M. Gish and John S. Gish
on the day the action was commenced. The answers of
the garnishees were taken, showing that when the pro-
cess of garnishment was served they had charge of cer-
tain cattle, horses and other personal property which
belonged to Harvey ; that at that time it was all under
mortgages executed by Harvey to one John T. Jack, and
that a few days afterwards Harvey executed a third
mortgage on the property in favor of one Fluke ; that
all this property was taken from them on the second of

August, 1886, by virtue of the Jack mortgages. After these answers were taken the plaintiff filed a petition in equity, in which he alleged that he was entitled to a lien on so much of the mortgaged property and its proceeds as remained after the payment of the Jack mortgages; that the property had been sold by Jack, and that the proceeds were retained by him, and asking that he be required to account for the proceeds of the sale, and that plaintiff have judgment against him for the amount due on the judgment against Charles O. and Harvey L. Gish. Jack and Macy & Gammon were made parties to the equitable proceeding, and filed answers. The S. N. Bowman Lumber Company intervened, claiming an interest in the proceeds of the property, and making Jack and Fluke parties defendant. The case was tried to the court, and a decree rendered dismissing plaintiff's petition, discharging the garnishees Francis M. and John S. Gish, and giving the intervenor judgment against Jack for twenty-one dollars. The plaintiff appeals.

*Smith & Cullison,* for appellant.

*Macy & Gammon,* for themselves, and *John T. Jack* and *D. O. Stuart,* for intervenor.

ROBINSON, J.—It is shown that all the property in controversy was sold to satisfy the Jack and Fluke mortgages, for the sum of $1,621.40; that the costs of the sale were $144.20; that there was due to Jack on his mortgages the sum of $805.52; and that the surplus of $671.68 was turned over to Macy & Gammon on account of the Fluke mortgage. The intervenor holds a judgment for $137.37 against Harvey L. Gish. This was rendered on the twentieth of February, 1886. An execution was issued thereon, and on the second day of August, 1886, it was served by garnishing Jack, Fluke and George S. Rainbow, sheriff, as the agent of Jack in foreclosing his mortgages. The validity of Jack's mortgages is not questioned. Jack admits a balance of twenty dollars remaining in his hands from the sale,

and has brought it into court. We are required to determine what rights, if any, appellant acquired by virtue of the garnishment of Francis M. and John S. Gish.

I. Appellant insists that the court erred in discharging the garnishee last named. The mortgages in question provide that whenever the mortgagees might choose so to do, they could take and sell the property after giving ten days' notice. Section 1927 of the Code provides that, "in the absence of stipulations to the contrary in the mortgage, the mortgagee of personal property is entitled to the possession thereof." The mortgages, therefore, conveyed the legal title and the right of possession to the mortgagees. The garnishees made no claim to the property, and had no power to prevent its owner from mortgaging it, nor to prevent the mortgagees from taking it away. The only interest which the mortgages did not convey was the qualified ownership and the right to redeem. *Goldsmith v. Willson*, 67 Iowa, 668. The mortgagor could not have prevented the removal and sale of the property, and his agents could not have had a greater right. This is not a case of voluntary surrender of the property by the garnishees, but a taking of it by virtue of a superior title. But it is said that an equitable lien was acquired by the garnishment, and the case of *County of Des Moines v. Hinkley*, 62 Iowa, 637, is cited in support of this view. But that case did not involve the mortgaging and delivery of personal property, and was unlike the case at bar. This court held, in *Wells v. Sabelowitz*, 68 Iowa, 238, that the mortgagor had no interest which could be taken by means of an attachment, and a chattel mortgage given while the sheriff was in actual possession of the property, under writs of attachment, was sustained as against the levies under the writs. It was there held that the levy of the writs created no lien. In this case, if the garnishees had surrendered the property to the officer who served the writ, the latter could have acquired no lien under the rule of the case last cited. Other

1. GARNISHMENT: of persons in possession of debtor's mortgaged chattels: chattels taken on mortgage: liability.

decisions of this court hold that no lien on property of the kind in controversy can be acquired by process of garnishment. *McConnell v. Denham*, 72 Iowa, 494; *Mooar v. Walker*, 46 Iowa, 166. By this process the attaching creditor "does not acquire a clear and full lien upon the specific property in the garnishee's possession, but only such a lien as gives him the right to hold the garnishee personally liable for it, or its value." Drake, Attachm., sec. 453; *Mooar v. Walker*, *supra*. Of course, the garnishee cannot be held for the value of the property where he had no right to hold the property itself, as in this case. It is not claimed that chapter 117, Acts Twenty-first General Assembly, has any application to this case. We conclude that the garnishees were properly discharged. They were under no obligation to pursue the property after it had been taken from them by due authority.

II. Appellant next urges that by his process of garnishment he acquired a lien upon the property which remained after the payment of Jack's

2. —: —: no lien created.

claims, which should be enforced against Macy & Gammon, as holders of the surplus. Much of what we have already said is applicable to this claim. Since no lien was created on the property, its owner had a right to mortgage it, and Macy & Gammon are entitled to hold the proceeds in their hands for the satisfaction of the claims which the Fluke mortgage secured.

III. It is next urged that judgment should have been rendered in favor of plaintiff, and against Jack. But

3. —: —: sale on foreclosure: surplus.

Jack was not garnished by plaintiff, and, since the property which he took was subject to no lien in favor of plaintiff, the surplus which he held was subject to the garnishment of the intervenor. The decree of the court below is

AFFIRMED.