ANDREW PETERSON V. KINGMAN & COMPANY.

FILED FEBRUARY 9, 1900. No. 9,134.

1. **Garnishment: SUMMONS: APPEARANCE: GOOD FAITH: PROTECTION FROM LIABILITY.** A person served with summons in garnishment, commanding him to answer upon a day certain therein named, may appear in response to the summons at any time

after its service and answer touching his indebtedness to the person or corporation whose funds are sought to be reached by the proceedings in garnishment, and if, in so doing, he is acting in good faith, he will be protected from further liability on the indebtedness for which he is garnisheed.

2. ———: ANSWER: STATUTE: ORDER FOR SATISFACTION OF JUDGMENT. Upon the answer of a garnishee admitting his indebtedness to an execution debtor, the court before whom the same is made is empowered, under the provisions of section 249 of the Code, immediately to enter an order for the payment of the amount admitted to be due the execution debtor into court, for the satisfaction of the judgment debt or a part thereof.

3. ———: ORDER FINAL: APPEAL: EXECUTION. Such an order is final and conclusive, unless appealed from, and upon which execution may issue for its enforcement.

4. ———: COMPLIANCE WITH ORDER: DISCHARGE OF GARNISHEE. In garnishment proceedings, where the answer has been made in good faith before answer day, and an order entered by the court for the payment of money for the benefit of the execution creditor admitted to be owing to the execution debtor, the garnishee will be discharged from further liability upon such indebtedness, if he comply with the order of the court, notwithstanding he is subsequently, but before the payment, notified of an assignment of the account evidencing his indebtedness, and which assignment was made prior to the time of instituting garnishment proceedings.

5. **Entry of Order**: STATUTE: NOTICE OF ASSIGNMENT. Upon the entry of an order against a garnishee under the provisions of section 249 of the Code, he is not required to make further disclosures or take supplemental proceedings, because of a notification of an assignment of the indebtedness against him received thereafter.

6. **Judgment**: STATUTE: PROTECTION OF GARNISHEE. An order against a garnishee for the payment of money for the benefit of an execution creditor under the provisions of section 249 of the Code is enforceable by execution, and a garnishee, acting in good faith, will be protected from further liability to the same extent as if such order were a judgment against him.

ERROR from the district court of Douglas county. Tried below before SCOTT, J. *Reversed.*

*O'Neill & Gilbert,* for plaintiff in error.

*Thomas F. Lee* and *James H. McIntosh, contra.*

HOLCOMB, J.

A careful perusal of the record and briefs of counsel leads to the conclusion that this controversy is one of law rather than of fact.    From the stipulated facts, we are of the opinion that it is not warrantable to draw therefrom the inference that either of the parties to the action have shown a want of good faith, or that there was collusion between the defendants herein, plaintiff in error, as garnishee and the judgment creditor in the garnishment proceedings.    The action is the outgrowth of a contest between two creditors of an insolvent company, one of whom by garnishment proceedings, and the other as assignee, claims from the defendant payment of the indebtedness admitted to be owing to the insolvent company referred to.    The plaintiff in the court below contends that the defendant should be required to pay to it, as assignee, the debt which is undisputed except for its alleged prior payment in garnishment proceedings.    It is established that, prior to any notice of the assignment of the account upon which the plaintiff bases its right to a recovery, the defendant had been served with a summons in garnishment in aid of execution, had appeared in response thereto, acknowledged the indebtedness, and an order by the court was immediately entered under the provisions of section 249 of the Code, requiring him to pay the money into court for the use of the execution creditor.    The summons in garnishment was served February 19, commanding the defendant, as garnishee, to answer March 25 following.    The garnishee appeared in response to the summons, and made answer concerning his indebtedness to the judgment debtor on February 23, and an order by the court was made on the same day the answer was taken and immediately thereafter.    Subsequently to the time the answer was made as above stated, and on the same day, the garnishee received notice through the mail from both the judgment debtor as assignor, and

the plaintiff as assignee, to the effect that the account against the garnishee, as well as the judgment rendered thereon, had been assigned to the plaintiff, who was authorized to receipt for and satisfy the same. It appears that the account had been assigned to the plaintiff long prior to the rendition of the judgment thereon in favor of the assignor, although no notice thereof was ever imparted to the defendant until after answer in the garnishment proceedings above mentioned. We do not think the garnishee was required to withhold his answer until the answer day mentioned in the summons. He may very properly appear before that date. The time mentioned in the summons in garnishment for him to appear was but a limit beyond which he could not go without subjecting himself to additional cost, and incurring a direct liability to the judgment creditor to be enforced as in other civil actions. The time allowed in which to answer is for his benefit. He may appear at any time after the service of summons, and, if acting in good faith, he will be protected in so doing. By appearing and answering he subjected himself to the jurisdiction of the court, which then was empowered to make any proper order in the proceedings. See *Mace v. Heath*, 34 Nebr., 54; *Hinckley v. St. Anthony Falls Water Power Co.*, 9 Minn., 44; *Steen v. Norton*, 45 Wis., 412. Soon after the garnishee had answered in the garnishment proceedings, he received notice of the assignment of the account, which, in his answer, he admitted owing to the assignor. The assignment apparently had been made a long time prior thereto, and before the commencement of the garnishment proceedings. The notices of the assignment were received before the garnishee paid the money into court under the order made prior thereto. If the garnishment proceedings were regular and valid, the plaintiff in error ought not again be required to pay the debt. We find no irregularity in the proceedings. As before stated, the garnishee was at liberty, at any time after service and before the answer day, to appear

and make disclosure regarding his indebtedness, and the court thereby obtained jurisdiction over the person; and upon such disclosure, where the answers were satisfactory, was authorized to enter a final order for the payment of the amount due in satisfaction of the claim of the judgment creditor. See *Schlueter v. Raymond Bros. & Co.*, 7 Nebr., 281; *Wilson v. Barney*, 8 Nebr., 39; *Clark v. Foxworthy*, 14 Nebr., 241; *Burlington & M. R. Co. v. Chicago Lumber Co.*, 18 Nebr., 303; *Union Nat. Bank of Omaha v. Hickey*, 34 Nebr., 300. When the order in the garnishment proceedings had been made it became of the same force and effect as a judgment upon which execution could issue for its satisfaction. The garnishee, therefore, was legally bound to comply with the order of the court, unless an appeal was taken therefrom. It was to him a matter of indifference whether the debt owing by him went direct to his creditor, or was applied on a just debt owing by such creditor. We can conceive of no reason why the garnishee should feel dissatisfied or care to incur more expense, or subject himself to needless inconvenience, regarding a matter about which he had no concern. Nor, in our opinion, was he under legal obligations, after the entering of such order against him, to take other and supplementary steps because of the subsequent notice he received as to the assignment of the account against him which had been reduced to judgment as nerein stated. He occupied a neutral position, and it was incumbent upon him to deal fairly with both parties seeking the money due from him to his creditor. The execution creditor and the assignee stood upon an equal footing. Each made an effort to reach the funds in the hands of the garnishee, and under the legal maxim that the law serves the vigilant, and not those who sleep, the execution creditor has a superior claim to the money in the hands of the garnishee. As we understand counsel on both sides, it is undisputed that only before judgment is a garnishee legally obligated to make supplemental and further disclosures regarding

any information coming to him affecting the rights of any to the funds or property he is sought to be charged with in order to relieve him from further liability. The authorities are quite uniform in holding that after judgment against the garnishee, he is relieved from any further duty or obligation to appear and in supplementary proceedings make known any fact coming to his knowledge subsequent to such judgment. A satisfaction of the judgment of the court in the garnishment proceedings according to its terms is all that shall be required of him. See Drake, Attachment, secs. 576, 608; Rood, Garnishment, sec. 207; *Newman v. Manning*, 79 Ind., 218. We are of the opinion that an order to a garnishee for the payment of money under the provisions of section 249 of the Code, and under the authorities heretofore cited, is final and conclusive unless appealed from; that an execution may issue thereon as on a judgment, and that the same principles applicable to a judgment would apply in the case at bar, and the payment by a garnishee under such an order, even after notice of an assignment of the account by his creditor, would relieve him from any further liability thereon, either to the assignor or assignee of such account. It follows that the judgment of the lower court is erroneous, and the same is reversed, and the cause remanded for further proceedings in conformity with law.

REVERSED AND REMANDED.