McDOWELL, PYLE & COMPANY *vs.* CARL F. HOPFIELD.

COMMERCIAL CREDIT CORPORATION *vs.* CARL F. HOPFIELD.

*Assignment of Choses in Action—Priorities—General Creditor of Assignor—Garnishment Proceeding— Striking Out Judgment.*

The assignment of a chose in action is complete as against a creditor of the assignor garnishing the chose after assignment, even though notice of the assignment is not given to the debtor until after a judgment of condemnation in the garnishment proceeding, provided the judgment has not been paid nor execution issued thereon, and the equities are with the assignee.

pp. 87-89

Where the assignee of certain accounts purchased them for a valuable consideration and, at the assignor's request, refrained from notifying the debtor of the assignment, and a judgment of condemnation was subsequently obtained against the latter as garnishee by a creditor of the assignor, *held* that, such creditor having dealt with the assignor on the basis of the latter's general credit, and without special reference to the accounts, and the judgment not having been paid, and no execution issued thereon, an application by the assignee and garnishee, made within the term, to strike out the judgment, should be granted.

p. 89

*Decided April 9th, 1925.*

Appeals from the Baltimore City Court (HEUISLER, J.).

Proceeding by Carl F. Hopfield against McDowell, Pyle & Company, a corporation, as garnishee of the Wirth Concord Ade Company, in which proceeding a judgment of condemnation was entered against said garnishee. The court dismissed petitions by said garnishee and the Commercial Credit Corporation, assignee, to strike out the judgment of condemnation, the latter also asking to be allowed to intervene, and each petitioner appeals. Reversed.

The cause was argued before BOND, C. J., PATTISON, URNER. ADKINS, OFFUTT, DIGGES, PARKE, and WALSH, JJ.

*Malcolm H. Lauchheimer,* with whom was *Sylvan Hayes Lauchheimer* on the brief, for the appellants.

*Bernard J. Flynn,* for the appellee.

WALSH, J., delivered the opinion of the Court.

The question to be determined in this case is whether or not the claim of a prior assignee of a chose in action, where no notice of the assignment was given to the debtor, is superior to the claim of a subsequent attaching creditor who has secured a judgment of condemnation against the debtor as garnishee.

McDowell, Pyle & Company of Baltimore City became indebted to Wirth Concord Ade Company of Providence, Rhode Island, in the sum of $332.86 for merchandise purchased at various times in July, 1923. The money thus due from McDowell, Pyle & Company was assigned by Wirth Concord Ade Company for value on the day following each sale to The Commercial Credit Company of New York, a corporation engaged in the business of purchasing accounts receivable on the non-notification basis. Subsequent to these assignments, Carl F. Hopfield, the appellee, issued a non-resident attachment against Wirth Concord Ade Company for money due him for services rendered as a salesman prior to the assignments, the attachment was laid in the hands of McDowell, Pyle & Company, and on August 13th, 1923, a judgment of condemnation *nisi* was entered against it as garnishee. On August 14th, 1923, the garnishee, having no notice of the assignment to the Commercial Credit Company of the money it owed Wirth Concord Ade Company, filed an answer admitting assets, and on September 20th, 1923, the judgment of condemnation *nisi* was made absolute against the garnishee for the amount confessed. The accounts purchased from Wirth Concord Ade Company were due in September, 1923, and, payment for them not having been received, the Commercial Credit Company, on October 8th, 1923, notified McDowell, Pyle & Company of the assignments of the accounts to it. On October 18th, 1923, it learned from McDowell, Pyle & Company of the attachment and judgment of condemnation, and on October 20th, 1923, the last day of the term at which the judgment was entered, it filed a petition in the attachment suit asking that the judgment be stricken out and that it be allowed to intervene as claimant, and on the same day McDowell, Pyle & Company, Inc., filed a petition asking that the judgment of condemnation against it as garnishee be stricken out. It is admitted that at the time these petitions were filed no part of the judgment had actually been paid, nor had any execution been issued. The learned court

below dismissed both petitions, and from this action both the garnishee and the assignee have appealed, the two cases being in one record.

The question thus presented deals with the conflicting claims of a prior assignee, who has not given notice, and a subsequent attaching creditor who has obtained a judgment of condemnation, and the rule applicable to such a situation is thus stated in 5 *Corpus Juris,* 972: "By the weight of authority, the assignment will be complete as against creditors of the assignor garnishing the chose after assignment and before notice of the assignment to the debtor, provided notice of the assignment is given to the debtor in time to permit him to disclose the assignment in his answer to the garnishee process."

The first part of this rule, namely, that "the assignment will be complete as against creditors of the assignor garnishing the chose after assignment and before notice of the assignment to the debtor," has been adopted by a large majority of the courts. See 2 *R. C. L.,* 629, and note in *L. R. A.,* 1916E, 82. And it was held to be the law of this State in *Brady v. State,* 26 Md. 290, 311, in which case the Court said: "It is not necessary as the law now stands in Maryland that the assignee of claims or monies shall give notice by registration or otherwise in order to shield his claim from an attaching creditor." See also *Baldwin v. Wright,* 3 Gill, 241, 247; *Cramer v. Roderick,* 128 Md. 422; and *Getz v. Johnston,* 143 Md. 543, 549.

The second part of the rule, which provides that in order to secure a better right to the chose in action the prior assignee must give notice to the debtor "in time to permit him to disclose the assignment in his answer to the garnishee process," is also said to be supported by the weight of authority, but an examination of the comparatively few decisions on the point shows a rather close division. *L. R. A.,* 1916E, *supra.* The majority rule is supported by the following cases: *Walters v. Washington Insurance Co.,* 1 Iowa, 404; *Richards v. Griggs,* 16 Mo. 416; *Newman v.*

*Manning,* 79 Ind. 218; *Peterson v. Kingman,* 59 Neb. 667; *Barker v. Johnson,* 2 Pa. Co. Ct. 414; *Coburn v. Currens;* 1 Bush (Ky.), 242; and *Wood v. Partridge,* 11 Mass. 488.

However, in *MacDonald v. Kneeland,* 5 Minn. 283 (352), the court held that even a judgment obtained against the debtor as garnishee (before payment) will not defeat the rights of an assignee who has failed to give notice, at least where the facts proved in proceedings brought to set aside the judgment disclose superior equities in such assignee. And in discussing this rule the court said: "The facts here found show that the plaintiffs loaned their money on the faith of this specific property, while the appellants were only general creditors of the company, and their debt was contracted and position fixed, without any reference to, or at least any claim upon, the bonds now sought to be obtained. It would scarcely comport with equity and good conscience for the court to postpone the prior equitable and specific lien of the plaintiffs, to the subsequently acquired rights of the appellants to this property." The superior right of a prior assignee as against a subsequent attaching creditor, without notice, who has secured a judgment against the garnishee, was also sustained in *Oldham v. Ledbetter,* 1 How. (Miss.) 43, 26 Am. Dec. 690; *Wilson v. Davison,* 5 Munf. (Va.) 178; *Knisely v. Evans,* 34 Ohio St., 158; *Milligan v. Plymouth State Bank,* 26 Ohio Circ. Ct. R. 136; *Shuler v. Bryson,* 65 N. C. 201.

We have found no case in Maryland in which the precise question involved in this case has been determined, so that the matter, so far as our own decisions are concerned, can be treated as one of first impression, and dealing with it in this way we find the reasoning adduced in support of the minority rule more persuasive than that relied on by the majority. Our preference is further strengthened by a consideration of certain features of our attachment law, and of the status in Maryland of a judgment of condemnation during the term at which the judgment was entered. While such a judgment is just as conclusive and final as any other

domestic judgment rendered by a court of competent juris-
diction (*Hodge & McLane, Attachment,* p. 168, sec. 189),
it has been held that it cannot be pleaded in bar by the
garnishee to a suit against him by his original creditor,
unless execution has issued thereon, or it has been paid. If
it is merely pending against the garnishee, it can only be
pleaded in abatement. *Brown v. Somerville,* 8 Md. 444.
And in discussing motions to strike out such judgments,
*Hodge & McLane,* in their work on the "Law of Attachment
in Maryland," say (page 172, sec. 194):

"Where the motion is made during the term, the appli-
cation is within the sound discretion of the court; and the
courts usually act liberally, and, upon reasonable proof of
merits or other equitable circumstances, strike out the judg-
ment and allow the parties to be heard."

In the present case the equities of the situation are clearly
with the assignee. It purchased the accounts for a valu-
able consideration, and in deference to the assignor, which
was to collect and forward the money, it did not notify the
original debtor of the assignment until after the accounts
had all matured. When payment was not received through
the assignor in the usual course of business, the assignee
within two weeks of the final maturity notified the debtor,
and now both the assignee and debtor (the garnishee) are
asking that the judgment in favor of the attaching creditor
be stricken out. This creditor dealt with the assignor on
the basis of the latter's general credit, and not with any
special reference to these accounts, while the assignee ad-
vanced money on these specific accounts, and it is the almost
universal rule that under such conditions the assignee has
the better claim, unless the judgment of condemnation alters
the rule. See cases cited *supra.* The judgment in this case
has not been paid, nor has any execution been issued on it,
and the garnishee against whom it was entered applied
within the term to have it stricken out. Considering all
the circumstances of the case, and the legal principles which
we deem properly applicable thereto, we think that the

judgment should have been stricken out and the assignee allowed to intervene as claimant.

> *Orders appealed from in both cases reversed, and cause remanded for further proceedings in accordance with this opinion, the costs in both appeals to be paid by the Commercial Credit Company of New York.*