EDWARD E. RUSSELL AND MONICA RUSSELL, CO-PART-
NERS TRADING AS EDWARD E. RUSSELL COMPANY,
PLAINTIFFS-APPELLANTS, v. FRED G. POHL COM-
PANY, DEFENDANT, AND AMERICAN TYPE FOUND-
ERS, INC., RESPONDENT.

Argued March 19, 1951—Decided April 16, 1951.

34

*Mr. John Milton, Jr.,* argued the cause for appellants. *Mr. Charles Gildea* on the brief. *Messrs. Milton, McNulty & Augelli,* attorneys.

*Mr. William H. Osborne, Jr.,* argued the cause for respondent. *Messrs. Pitney, Hardin & Ward,* attorneys.

The opinion of the court was delivered by

HEHER, J. The essential question here is whether the respondent American Type Founders, Inc., is under a duty to satisfy plaintiffs' judgment by default in attachment, in these circumstances: ·

On March 15, 1946, a writ of attachment issued out of the former Supreme Court under *R. S.* 2:42–1, *et seq.*, at the suit of the plaintiffs against the defendant Fred G. Pohl Company, to recover a debt of $5,938.90, with interest from October 2, 1945, ultimately established by a judgment in that sum, with interest amounting to $1,230.38, or a total of $7,169.28, entered on May 9, 1949, pursuant to the auditor's report. On March 20 ensuing, the Sheriff of Union County, acting under the writ, attached for the plaintiffs the "entire right, claim and credit of the Fred G. Pohl Company against" respondent American Type Founders, Inc., a New Jersey corporation, who concedes that it had been indebted to Fred G. Pohl and Werner Kullack, co-partners trading as Fred G. Pohl & Co., in the sum of $33,429.82 for certain services rendered in 1944 and 1945, but asserts that by two several assignments made on January 31, 1945, and September 27, 1945, the Fred G. Pohl partnership, for a valuable consideration, assigned to Title Guarantee and Trust Company, a New York corporation, "all the assignor's right, title and interest in and to all monies due and to become due" from it, and that pursuant to the assignments it paid $24,000 to the assignee on December 4, 1945, $7,000 on August 29, 1946, and $2,429.82 on March 3, 1947, and so no moneys were payable to the partnership by it from the time of the second assignment of September 27, 1945. Upon plaintiffs' petition, the supposed garnishee was ordered to show cause on September 7, 1950, why it should not be adjudged in contempt, and why execution should not issue against it for the amount due upon plaintiffs' judgment. The order to show cause was discharged. Plaintiffs' appeal to the Appellate Division of the Superior Court from this adverse action was certified here for decision on our own motion.

The contention is that where a garnishee in attachment "pays over funds of the defendant to a third party asserting a claim to said funds by virtue of assignments," the "payment being made after attachment and contrary to *R. S.* 2:42–27 and *Rule* 3:72–3," the garnishee is guilty of a contempt of court and is liable for the payment of plaintiff's judgment in

attachment, "irrespective of the merits of the claim of the third party."

The reasoning is that under *R. S.* 2:42–19, the writ of attachment here bound "the attached rights and credits of the defendant" from the time of the execution of the writ, and the garnishee was obliged to treat the assignments to the "third party as a claim of attached funds," and to "require establishment of such claim in the manner" provided by *R. S.* 2:42–27; that it was "not the function or within the right of the respondent garnishee to determine, or indeed to usurp the function of our Courts and adjudicate the priority of the third party claimant;" and that payment of the "attached funds" by the garnishee to the "third party claimant after due execution of the writ, without notice to plaintiff and without court order," constituted "a contempt of the courts of this State and a flagrant violation of their process."

But the fallacy of this argument lies in the unwarranted assumption that the assigned credits remained the property of the defendant in attachment. When the writ of attachment issued, there had been an absolute assignment of the rights and credits in question by the defendant in attachment to the Title Guarantee and Trust Company, and notice of the assignment to the debtor; and it is fundamental in the Attachment Act that the writ reaches only the property of the defendant in attachment. This was so under the Revision of 1937. *R. S.* 2:42–18; *R. S.* 2:42–19; *R. S.* 2:42–20. The term "garnishee" was there defined to mean "any person who has money or other property in his custody or possession belonging to a defendant in attachment," or "who is indebted to such defendant," which property or indebtedness was attached by virtue of a writ of attachment issued pursuant to the statute. *R. S.* 2:42–1. And, while this definition of "garnishee" is not included in the superseding act of 1948, the other provisions referred to are there in substance. *P. L. p.* 1432, *N. J. S. A.* 2:42–86, *et seq.*

By force of the assignments, the relation of debtor and creditor had ceased to exist between the respondent and the

defendant in attachment when the writ issued, and there was no property of the defendant in attachment in respondent's hands upon which the writ could operate, and so the respondent is not chargeable as garnishee. There was nothing in respondent's possession belonging to the principal debtor which was subject to garnishment.

It is elementary that funds in the hands of a third person in which the defendant in attachment has no interest are not liable to attachment or garnishment. *Cole v. Berry,* 42 *N. J. L.* 308 (*Sup. Ct.* 1880); *Black v. Zacharie,* 3 *How.* 483, 11 *L. Ed.* 690 (1845). The general rule is that priority in time determines priority between an attachment or garnishment and an assignment of a chose in action. *Salem Trust Co. v. Manufacturers Finance Co.,* 264 *U. S.* 182, 44 *S. Ct.* 266, 68 *L. Ed.* 628 (1923); *Van Buskirk v. Hartford Fire Insurance Co.,* 14 *Conn.* 141 (1841); *Woodward v. Brooks,* 128 *Ill.* 122, 20 *N. E.* 685 (1889); *McAllister v. Brooks,* 22 *Me.* 80 (1842); *Martin v. Potter,* 11 *Gray* 37 (1858); *Muir v. Schenck,* 3 *Hill* 228 (1842); *Wolcott v. Mongeon,* 88 *Vt.* 361, 92 *A.* 457 (1914); *McDowell, Pyle & Co. v. Hopfield,* 148 *Md.* 84, 128 *A.* 742 (1925). Where there has been a valid assignment of a right or credit, the garnishee may answer that he is not indebted to the defendant in attachment and has nothing of the defendant's in his possession. It is axiomatic that attachment or garnishment will not lie unless there is property of the principal debtor in the hands of the third party; if there is none such, then there is no garnishable debt or interest. Attachment is an extraordinary remedy *in rem* for the collection of an ordinary debt by seizure of the property of the debtor. Attachment and garnishment are forms of execution in advance of judgment. 4 *Am. Jur.* 552.

Here the garnishee was bound by the assignments of its debts to the defendant in attachment, though it may well be that until judgment the subject matter was in *custodia legis,* or "potentially *in 'gremio legis.'*" *Miller's Executor v. United States,* 11 *Wall.* 268, 20 *L. Ed.* 135 (1870); *Cox v. Cronan,* 82 *Conn.* 175, 72 *A.* 927 (1909); *Board of Education*

*v. Duparquet,* 50 *N. J. Eq.* 234 (*Ch.* 1892). Choses in action arising on contract are assignable at law, and the assignee may sue thereon in his own name. *R. S.* 2:41–1. By a valid and effective assignment, the title to the chose in action is vested in the assignee; and payment after notice of the assignment to any person other than the assignee will not relieve the debtor of his liability to the assignee. *Bank of Harlem v. Bayonne,* 48 *N. J. Eq.* 246 (*Ch.* 1891), affirmed *Ibid.* 646 (*E. & A.* 1891); *Structural Gypsum Corporation v. National Commercial Title and Mortgage Guaranty Co.,* 107 *N. J. Eq.* 32 (*E. & A.* 1930). Notice of the assignment charges the debtor with the duty of payment to the assignee. *Salem Trust Co. v. Manufacturers Finance Co., supra.*

 Respondent's compliance with the assignments did not constitute an invasion of the jurisdiction of the court out of which the attachment issued which calls for punitive action. The assignments vested in the assignee the absolute title to the subject rights and credits. The principal debtor had no attachable interest in the property, and so, under the terms of the statute itself, the execution of the writ did not give rise to a lien upon the property. The delivery of the subject matter to its rightful owner without specific judicial sanction did not render respondent liable as garnishee for its value. *Booth v. Gish,* 75 *Iowa* 451 (1888). Respondent assumed the risk. It acted under peril of liability to the attaching creditor if the assignments should prove ineffective; but such action could not, in itself, vest in the principal debtor an attachable interest in the property which he did not have before, merely because it was taken without judicial authorization. The liability of the garnishee can rise no higher than his obligation to the principal debtor; and the failure to elicit judicial approval of the course does not alter this basic rule.

 *R. S.* 2:42–27, now *section* 30 of *Ch.* 358 of the *Laws of* 1948, *N. J. S. A.* 2:42–115, merely provides the procedure for the litigation of claims by third persons to the attached property. It does not, in itself, serve to enjoin the garnishee from recognizing the right and title of the assignee of the

subject chose in action under a valid assignment made prior to the issuance of the writ of attachment.

Attachment is a statutory proceeding, not according to the course of the common law, which sanctions the *ex parte* taking of property *in invitum;* and on well-settled principles the statute is not to be enlarged beyond the plain meaning and understanding of its terms. *Corbit v. Corbit,* 50 *N. J. L.* 363 (*Sup. Ct.* 1888) ; *Little v. Long,* 93 *N. J. L.* 99 (*Sup. Ct.* 1919).

The validity of the assignments is not challenged. It was conceded on the oral argument that no issue was raised in the court of first instance as to the sufficiency and priority of the assignments, and that the question now is whether the payments to the assignee, after the execution of the writ, served to render respondent liable as garnishee to the attaching creditor for the subject chose in action, notwithstanding the force and priority of the assignments.

There is another question : The claim of the principal debtor against respondent was subject to the approval of the Navy Department. The claim was finally approved in the sum of $40,940.51; but respondent charged $7,510.69 against the sum due, as "the cost of material delivered" by respondent to the principal debtor, for the performance of the contract, "and not accounted for." The contention is that, in this regard, plaintiffs and respondent "occupied the position of general creditors" of the principal debtor, but that plaintiffs acquired priority over respondent by the levy made under the writ of attachment, and execution should now issue against the particular fund. It is suggested that it was incumbent upon respondent to make claim for this part of the fund under *R. S.* 2 :42–27 or to become an applying creditor under *R. S.* 2 :42–17.

As we have seen, the attachment did not alter the contractual relations between respondent and the principal debtor. The attachable interest is the actual debt of the garnishee to the principal debtor. It is axiomatic that the plaintiff in attachment can have no greater right against the

person summoned as garnishee than the defendant in attachment. There can be no question but that the garnishable interest of the defendant is subject to the garnishee's right of offset at the time of execution of the writ, at the very least. This is a rule of general acceptance. 38 *C. J. S.* 393, 409.

The judgment is affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices CASE, HEHER, OLIPHANT, WACHENFELD, BURLING and ACKERSON—7.