**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1791-19

A&E CONSTRUCTION CO.,

    Plaintiff-Respondent,

v.

BARRIER ELECTRIC
COMPANY, INC., JOHN
BARRIER, individually,
and RICHARD CIRMINELLO,
individually,

    Defendants-Appellants.

_____

Submitted January 21, 2021 – Decided March 22, 2021

Before Judges Ostrer and Vernoia.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Docket No. L-0264-18.

Tesser & Cohen, attorneys for appellants (Francis A. Kirk, of counsel and on the briefs).

Cohen Seglias Pallas Greenhall & Furman, PC, attorneys for respondent (Robert J. O'Brien and Robert S. Turchick, on the brief).

PER CURIAM

Following a bench trial, the court entered a $228,449.20 final judgment in plaintiff A&E Construction Co.'s favor against defendants Barrier Electric Company, Inc. (Barrier), John Barrier, and Richard Cirminello. Defendants appeal from the judgment, arguing the court's findings of fact are not supported by substantial credible evidence; the court failed to address defendants' argument they are entitled to a setoff against plaintiff's damages claim because plaintiff failed to comply with the Prompt Payment Act, N.J.S.A. 2A:30A-1 to -2; and the court erred in determining its award of interest. Unpersuaded by those arguments, we affirm.

I.

This action arose over Barrier's failure to pay invoices for electrical equipment supplied to it by Turtle & Hughes, Inc. (T&H) during a construction project. T&H filed a complaint seeking damages based on Barrier's failure to pay the invoices. T&H also asserted claims against John Barrier and Cirminello, who had personally guaranteed Barrier's payment of T&H's invoices.

A&E was the project's general contractor. It entered into a series of subcontracts with Barrier to perform electrical work. Following the filing of T&H's complaint, A&E paid T&H $194,790.91 for an assignment of T&H's

rights against Barrier, and A&E was then substituted as plaintiff in T&H's action against defendants.

At the ensuing bench trial, the parties stipulated to a series of facts establishing defendants' indebtedness to T&H for the unpaid invoices. They stipulated that: between May and August 2017, T&H supplied $194,790.91 of electrical materials to Barrier for the project; Barrier accepted the materials; and Barrier did not pay T&H's invoices for the materials. The parties also stipulated that on February 21, 2018, T&H assigned its rights to A&E, and the court allowed A&E's substitution for T&H as plaintiff in the litigation.

The parties also stipulated to the admission into evidence of a series of exhibits, including Barrier's "APPLICATION FOR BUSINESS CREDIT" and Barrier's purchase orders to T&H; John Barrier's and Cirminello's personal guaranties; T&H's statements of account showing $194,790.91 due from Barrier; the assignment agreement between T&H and A&E; and documents summarizing the amount A&E claimed was due to T&H—$312,978.29—under credit terms agreed to by Barrier and personally guaranteed by John Barrier and Cirminello.[1]

---

[1] The $312,978.29 claimed to be due to T&H included $194,790.91 in unpaid invoices, interest at the rate of one-and-one-half percent per month on the overdue invoices, and an attorney's fees calculated at the rate of thirty percent of the unpaid invoices. The interest and attorney's fee claims were based on the

As reflected in the parties' stipulations of fact, defendants conceded at trial that Barrier did not pay the T&H invoices at issue in the complaint. Defendants argued, however, that the amount A&E claimed it was due as T&H's assignee should be reduced by the sums A&E owed Barrier for work Barrier performed as A&E's electrical subcontractor on the project. In other words, defendants argued they were entitled to a setoff against T&H's unpaid invoices for sums Barrier claimed A&E owed for Barrier's electrical work on the project.

In support of the claimed setoff, Barrier relied on the testimony of its office manager, Michelle Lambos, who was in charge of Barrier's accounts payable and receivable. Lambos also testified generally concerning applications for payment Barrier submitted to A&E during the project. She explained that the applications and summaries of amounts Barrier billed to, and were paid by, A&E that were admitted in evidence demonstrated A&E owed Barrier $200,536 for its work on the project. Lambos testified Barrier submitted the applications for payment to A&E via email. However, no emails were presented at trial and Lambos did not testify when she forwarded the applications for payment to A&E.

terms and conditions of T&H's agreement to extend credit to Barrier. As noted, John Barrier and Cirminello personally guaranteed Barrier's payment of all sums due from Barrier to T&H.

4

Lambos acknowledged A&E paid Barrier $1,336,724.20 for work performed during the project. She admitted that a Barrier ledger showed Barrier had only $68,250 in open invoices to A&E, but she testified there were additional unpaid invoices to A&E. She could not testify concerning all of the payments Barrier received from A&E because she did not have "the whole ledger" with her at trial.

She further testified that after Barrier's work on the project ended, it submitted a claim to A&E's bonding company for payments due from A&E. She acknowledged Barrier's claim to the bonding company did not assert $200,536 was due from A&E. Instead, in its claim to the bonding company, Barrier asserted A&E owed Barrier $78,000 for unpaid invoices on the project.

A&E presented its vice president of operations, Robert C. McClure, as its witness at trial. McClure explained A&E's contracts with Barrier included a "pay if paid" provision requiring that A&E pay Barrier for the electrical work only if A&E received payment from the project owner.[2] McClure explained invoices received by A&E from Barrier were posted to a ledger in A&E's accounting software program, and that the ledger showed A&E received

---

[2] McClure testified a "pay if paid" provision places the risk of non-collection of payments due from the project owner on both the prime contractor and the subcontractor.

A-1791-19

invoices totaling $1,404,974.20 from Barrier during the project. The ledger also showed A&E paid Barrier $1,336,724.20. McClure testified A&E did not pay the $68,250 balance shown on the ledger because it did not receive payment from the project owner for the work. McClure also testified Barrier's affidavits supporting its requests for payment failed to disclose that Barrier did not pay T&H for the materials it supplied to Barrier.

In a decision from the bench following the submission of written summations, the court determined Barrier's claim A&E owed it $200,536 was "overstated." The court made detailed findings concerning each of the documents Lambos and Barrier relied on to support defendants' setoff claim, and the court concluded the documents did not establish A&E owed Barrier $200,536. For example, the court found that notations on some of Barrier's applications for payment showed the work for which Barrier sought payment was rejected by A&E or was "not complete." The court also found Barrier relied on unsigned change order requests, and Barrier did not present evidence A&E approved the requests. The court relied on McClure's testimony that A&E's contracts with Barrier required payment for Barrier's work only when A&E was paid by the project owner. The court further noted Barrier submitted a $78,000

6

claim for payment to A&E's bonding company after Barrier's work on the project ended, and Barrier did not explain how the claim later increased to $200,536.

In sum, the court found Barrier failed to present sufficient credible evidence establishing A&E owed $200,536. The court noted Barrier did not present the contracts related to the work for which it sought payment and thereby failed to present any evidence it satisfied the contractual conditions precedent for payment. The court found Barrier demonstrated only that A&E owed Barrier $65,050 for three invoices and a change order for work Barrier performed on the project.[3] The court awarded defendants a setoff in that amount against the damages the court found plaintiff was entitled as the assignee of T&H's claims against Barrier.

Following argument on the proposed form of order, the court entered judgment against defendants jointly and severally in the amount of $228,449.20. The judgment amount is based on the court's determination that the gross amount

---

[3] The court found a preponderance of the evidence established that the work reflected in separate invoices for $12,000, $22,500, and $26,250, and a $4,300 change order, was accepted and approved by A&E, and that, as a result, A&E owed Barrier $65,050 for that work. A&E did not cross-appeal from the court's determination, and it does not argue on appeal the court's determination was in error. We therefore do not consider or address the court's finding A&E owed $65,050 for Barrier's work on the project.

A-1791-19

due to plaintiff as T&H's assignee is $293,499.20. The gross amount is comprised of the $194,790.91 for T&H's unpaid invoices, and additional sums for interest and attorney's fees calculated in accordance with Barrier's agreement with T&H. The court deducted from that gross amount a $65,050 setoff for the sum A&E owed Barrier.[4] Defendants appeal from the final judgment.

## II.

Defendants argue the trial court erred by failing to accept Lambos's testimony concerning the amounts she claimed A&E owed Barrier for work performed on the project. Defendants contend Lambos's testimony, and the

---

[4] The court did not make an express finding of the gross amount due to plaintiff as T&H's assignee, but simple math shows the gross amount is $293,499.20 because a deduction of the $65,050 setoff from that amount yields the $228,449.20 awarded by the court. As noted, plaintiff had claimed $312,978.29 as the damages to which T&H was otherwise entitled, but included in that amount was an attorney's fee calculated based on thirty percent of the outstanding balance due to T&H. After reviewing the agreements between T&H and Barrier, the court determined twenty percent is the applicable contractual factor to be used in calculating the attorney's fee award. A&E does not appeal from the court's calculation of the gross amount due to it as T&H's assignee, and A&E does not argue on appeal the court erred in its determination of the gross amount due.

A-1791-19

documents upon which she relied in support of Barrier's setoff claim, establish A&E owed Barrier $200,536.[5]

Our review of a judgment entered following a bench trial is limited. Rova Farms Resort, Inc. v. Invs. Ins. Co. of Am., 65 N.J. 474, 483-84 (1974). An appellate court will "not disturb the factual findings and legal conclusions of the trial judge unless [it is] convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant[,] and reasonably credible evidence as to offend the interests of justice." Id. at 484 (quoting Fagliarone v. Twp. of N. Bergen, 78 N.J. Super. 154, 155 (App. Div. 1963)). We do not, however, owe any special deference to a trial court's legal conclusions, which we review de novo. Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

A "[s]etoff 'involves an affirmative recovery on a claim that may be independent of the transaction upon which the plaintiff's claim is based.'" Miah v. Ahmed, 179 N.J. 511, 527 (2004) (quoting Beneficial Fin. Co. v. Swaggerty, 86 N.J. 602, 609 (1981)). "[S]etoff may be awarded for any amount to which

---

[5] We note defendants argue on an appeal that A&E owes Barrier $200,050. Lambos, however, testified at trial A&E owes Barrier $200,536. We rely on Lambos's testimony to define the amount Barrier claims is due from A&E for the electrical work on the project.

the defendant is entitled." Beneficial Fin., 86 N.J. at 609. Because setoff is an affirmative defense, the defendant bears the burden of proving it. See Cavanaugh v. Skil Corp., 164 N.J. 1, 4 (2000) (explaining "[w]hen an affirmative defense is raised [in a civil case], the defendant normally has the burden of proving it" (alterations in original) (quoting Roberts v. Rich Foods, Inc., 139 N.J. 365, 378 (1995))).

We discern no basis to disturb the court's determination that Barrier failed to prove it is entitled to a $200,536 setoff for sums it claimed were owed by A&E. As the court found, Barrier supported its setoff claim with applications for payment for work that the supporting documents showed were either rejected or were for work that was "not complete." Other documents supporting the claim were unsigned or untethered to any indicia of acceptance or approval.

Lambos also explained she could not testify concerning the payments made by plaintiff to Barrier because she did not bring with her to trial, and defendants did not otherwise introduce, Barrier's complete ledger showing the payments received. Lambos also acknowledged Barrier submitted a $78,000 claim for payment to plaintiff's bonding company after Barrier completed its work on the project, and, as the trial court found, Barrier offered no explanation as to how or why the claim for payment later ballooned to $200,536.

A-1791-19

Additionally, defendants' evidence, and Lambos's testimony, is contradicted by McClure's testimony and plaintiff's evidence. McClure testified concerning A&E's ledger listing each invoice A&E received from Barrier and A&E's payments to Barrier. That ledger showed A&E owed Barrier only $68,250 for Barrier's work on the project, and McClure testified that sum had not been paid, in accordance with the parties' agreement, because A&E had not yet been paid by the project owner.

Faced with that record, the court assessed the strength of defendants' proofs, and made findings of fact that are supported by evidence the court deemed credible. Defendants' argument the court should have interpreted the evidence differently and in their favor ignores that we review a trial court record only to determine "whether . . . there is substantial evidence in support of the trial judge's findings and conclusions." See Rova Farms, 65 N.J. at 484. We affirm the court's findings concerning the amount A&E owed Barrier because they are amply supported by the evidence presented at trial, and, contrary to defendants' claim, the court's findings are not "so wide of the mark that a mistake must have been made." Llewelyn v. Shewchuk, 440 N.J. Super. 207, 214 (App. Div. 2015) (quoting N.J. Div. of Youth and Fam. Servs. v. M.M., 189 N.J. 261, 279 (2007)).

A-1791-19

Defendants also argue the court erred by failing to consider and make findings concerning their claim, asserted for the first time in their post-trial brief, that A&E is precluded from challenging the amounts due under Barrier's invoices because A&E failed to timely object to the invoices in accordance with the Prompt Pay Act. A&E argues defendants waived their right to rely on the Act because they failed to plead the Act as an affirmative defense in their answer; they did not raise the issue during the trial; and they asserted the defense for the first time in their post-trial brief.

We need not determine whether defendants waived their right to assert the Act as a defense because the trial record lacks any evidence A&E violated the Act. As a result, defendants' reliance on the Act fails because they did not present any evidence establishing A&E failed to comply with the Act's requirements.

In the first instance, defendants rely on the wrong provision of the Act to support their purported defense. Defendants rely solely on N.J.S.A. 2A:30A-2(a), which requires that where a "prime contractor" performs work that the owner or owner's authorized agent has "approved and certified," the "billing [for such work] shall be deemed approved and certified [twenty] days after the owner receives it unless the owner provides, before the end of the [twenty]-day period,

12

a written statement of the amount withheld and the reason for withholding payment." Defendants argue A&E should be deemed to have approved Barrier's invoices because A&E allegedly failed to provide a written statement of the amount it was withholding from payment and the reason it was withholding payment within twenty days of its receipt of Barrier's invoices.

Defendants' reliance on N.J.S.A. 2A:30A-2(a) is misplaced. The statute has no application here. The statute applies to payments due to a prime contractor from a project owner. Under the Act, a prime contractor is "a person who contracts with the owner to improve real property." N.J.S.A. 2A:30A-1. There is no evidence A&E is the owner of the project or that Barrier is the project's prime contractor. To the contrary, the evidence shows A&E is the prime contractor and Barrier is A&E's subcontractor. N.J.S.A. 2A:30A-2(a)'s plain language offers no support for defendants' claim A&E violated the Act and therefore should be deemed to have accepted and approved Barrier's applications for payment.

Defendants do not cite to or rely upon the Act's provision concerning payments due to subcontractors. In pertinent part, N.J.S.A. 2A:30A-2(b) provides for the payment of subcontractors like Barrier. Unlike section (a) of N.J.S.A. 2A:30A-2, section (b) does not require payment of a subcontractor

13

within a certain period following the submission of its invoices or bills. Instead, section (b) requires that the prime contractor pay its subcontractor "within [ten] calendar days of the [prime contractor's] receipt of each periodic payment, final payment[,] or receipt of retainage monies" from the project owner, and the prime contractor must only pay for the subcontractor's "work [that] has been accepted by the owner . . . or the prime contractor." N.J.S.A. 2A:30A-2(b).

Section (b) also differs from section (a) in another significant respect. Under section (a), an owner's failure to provide "a written statement of the amount [of payment] withheld and the reason for withholding payment" within twenty days of the owner's receipt of the bill is "deemed approv[al]" of the bill by the owner. N.J.S.A. 2A:30A-2(a). In contrast, although section (b) requires payment to a subcontractor within ten days if certain conditions are satisfied, the statute does provide that a failure to do so shall be deemed approval of the subcontractor's bill. N.J.S.A. 2A:30A-2(b).[6] Thus, even if A&E violated section (b), the statute does not provide that the violation shall be deemed an acceptance of Barrier's invoices by A&E.

---

[6] A failure to pay as required under section (b) permits the subcontractor to charge interest as provided in section (c), N.J.S.A. 2A:30A-2(c), and, under certain circumstances, suspend performance of its work, N.J.S.A. 2A:30A-2(d).

Although defendants do not rely on N.J.S.A. 2A:30A-2(b), we observe the trial record lacks any evidence supporting a finding A&E failed to comply with the statute's terms. The statute requires payment in accordance with its terms where the subcontractor's work has been approved by the owner or prime contractor. Defendants did not present any evidence the project owner or A&E approved the work for which Barrier claims A&E owes $200,536. In addition, N.J.S.A. 2A:30A-2(b) requires payment of a subcontractor within ten days of the prime contractor's receipt of payments from the owner, and the trial record is bereft of evidence establishing when, or if, A&E received payments from the owner for the work for which Barrier claims it is owed $200,536. The only evidence concerning A&E's receipt of payments from the project owner was provided by McClure, who testified A&E did not pay Barrier $68,250 because the owner had not paid A&E for that work.

Defendants correctly claim the court did not make express findings of fact and conclusions of law addressing their defense under the Act. See R. 1:7-4(a). Under the circumstances presented, however, the lack of findings by the trial court is of no moment because our independent review of the record confirms defendants failed to present any evidence establishing A&E violated the Act.

15

We also reject defendants' claim the court erred by awarding A&E interest on the gross sum—$194,790.91—the parties agreed was due to T&H from Barrier. Defendants argue the court should have first deducted the $65,050 setoff prior to calculating the interest due to A&E as T&H's assignee.

Defendants' argument fails to account for the fact that A&E prosecuted the affirmative claims in the complaint as T&H's assignee. By virtue of the assignment, A&E succeeded to T&H's rights under its contracts with defendants, including T&H's rights to recover the damages, interest, and attorney's fees to which T&H was entitled. See, e.g., Russell v. Fred G. Pohl Co., 7 N.J. 32, 40 (1951) (observing a debtor on notice of an assignment must pay the assignee); Tirgan v. Mega Life & Health Ins., 304 N.J. Super. 385, 390 (Law Div. 1997) (same).

It is undisputed that under T&H's contracts with defendants, T&H was entitled to the $194,790.91 awarded by the court, as well as the interest and attorney's fees included by the court in the gross amount it determined was due to A&E as T&H's assignee. Defendants did not present any evidence, or make any claim, they were entitled to a setoff from T&H for the sums otherwise due to T&H. As the trial court correctly determined, defendants are not entitled to a setoff against the sums Barrier owed T&H. To hold otherwise would deprive

16

A&E of its rights under the assignment to collect all sums due to T&H under its contracts with defendants. We therefore find no basis supporting defendants' claim they are entitled to a setoff against the amount the court determined they owed T&H. Therefore, the court properly calculated the interest payable to T&H based upon T&H's unpaid invoices to Barrier. The calculation is in accord with Barrier's contracts with T&H, and A&E, as T&H's assignee, is entitled to the full amount of interest due to T&H.

For the same reason, we reject defendants' claim the court erred by awarding interest from the date of the filing of the complaint. Defendants' argument is based on the erroneous premise that the interest award constituted a form of compensatory damages untethered to a specific contractual obligation. Barrier's contracts with T&H provide for the payment of interest at one-and-one-half percent per month following defendants' failure to timely pay T&H's invoices. The court calculated interest from the date of the filing of the complaint, which occurred long after the contractual start date for interest following Barrier's nonpayment of the invoices. A&E does not appeal from the court's calculation of interest from the filing date of the complaint, and the court awarded interest in precise accord with the Barrier's agreements with T&H.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

17　　　　　　　　　　　　　　　　　　　　　　　　　A-1791-19